ALICE McGINNIS v. GERALD THOMAS SMITH AND THOMAS ENNIS SMITH.

(Filed 28 September, 1960.)

1. **Automobiles § 41d—**
     In plaintiff's action to recover for a collision resulting when the vehicle driven by defendant ran into the rear of plaintiff's car, an admission by defendant of his violation of G.S. 20-152(a) requires the submission of the issue of negligence to the jury.

2. **Automobiles § 42c—**
     Plaintiff's evidence to the effect that he stopped suddenly to avoid colliding with a vehicle which had stopped ahead of him, when he was struck from the rear by the car driven by defendant, *is held* not to disclose contributory negligence as a matter of law.

APPEAL by plaintiff from *Phillips, J.,* August 8, 1960 Civil Term, of GASTON.

Plaintiff seeks compensation for personal injuries and property dam-

ages alleged to have resulted from a collision between her automobile, driven for her by her husband, and an automobile owned by Thomas Ennis Smith and driven by Gerald Thomas Smith as agent for the owner. Both vehicles were traveling northwardly on Main Street in Stanley. The collision occurred about 6:15 p.m. on 3 November 1959. The Smith car ran into the rear of plaintiff's car when it stopped to avoid colliding with a vehicle which had stopped ahead of it. Plaintiff alleged negligence on the part of defendants in failing to maintain a proper lookout, failing to keep their vehicle under control, and in following too closely in violation of G.S. 20-152. Following the collision, defendant driver entered a plea of guilty to a charge of violating this statute.

Defendants pleaded violations of the provisions of G.S. 20-154 by the operator of plaintiff's vehicle to defeat plaintiff's recovery. Following the collision, the signal lights on plaintiff's vehicle were found to be in operating condition.

At the conclusion of plaintiff's evidence the court allowed defendant's motion to nonsuit and plaintiff appealed.

*Dolley & DuBose for plaintiff, appellant.*
*Whitener & Mitchem for defendant appellees.*

PER CURIAM. The admission by defendant driver of a violation of G.S. 20-152(a) is sufficient to require jury determination of the question of actionable negligence. The evidence with respect to contributory negligence is sufficient to permit but not compel an affirmative answer to that issue raised by the pleadings.

Reversed.