### JERRY PARKER v. DOCTOR CALVIN E. BRUCE.

(Filed 12 December 1962.)

**1. Automobiles § 41f—**

Evidence that plaintiff gave the statutory signal for a left turn preparatory to entering a side road from the highway, that plaintiff slowed down and had to stop before attempting a left turn because of on-coming traffic, and that about a minute after he had stopped defendant crashed his vehicle into the rear of plaintiff's vehicle, *is held* to take the issue of defendant's negligence to the jury.

**2. Same—**

While the relative duties of drivers traveling in the same direction must ordinarily be governed by the circumstances of each particular case, the mere fact of a rear-end collision ordinarily affords some evidence that the following motorist was negligent as to speed, was following too closely, or failed to keep a proper lookout.

**3. Automobiles § 42h—**

Evidence that plaintiff gave the statutory signal for a left turn preparatory to turning into an intersecting road from the highway and that plaintiff was forced to stop before attempting the turn because of on-coming traffic does not disclose contributory negligence as a matter of law in plaintiff's action to recover for damages resulting from defendant's crashing into the rear of his car.

**4. Appeal and Error § 42—**

An instruction which presents an erroneous view of the law upon a substantive phase of the cause must be held for prejudicial error even though the misstatement is made in stating the contentions.

**5. Automobiles § 46—**

The evidence tended to show that plaintiff gave the statutory signal preparatory to making a left turn from the highway and slowed and stopped his vehicle because of on-coming traffic, and that defendant's following vehicle crashed into his rear. *Held:* An instruction, not supported by allegation, evidence, or contention by plaintiff that defendant was negligent in failing to give the statutory signal for a left turn, must

be held for prejudicial error, the rule regarding the signal for a left turn not being applicable to a following vehicle.

APPEAL by defendant from *Crissman, J.,* July 1962 Civil Term of SURRY.

Civil action to recover damages for personal injuries and for other expenses and losses in connection therewith, and for damage to an automobile arising out of defendant driving his automobile into the rear of plaintiff's automobile.

Defendant's answer denies the essential allegations of the complaint, conditionally pleads plaintiff's contributory negligence as a bar to recovery, and avers in a counterclaim that he sustained personal injuries and his automobile was damaged as a result of plaintiff's actionable negligence in suddenly and without warning stopping his automobile on the highway ahead of him so that he could not avoid running into its rear.

There was a verdict in plaintiff's favor awarding him damages for personal injuries and damage to his automobile.

From a judgment in accord with the verdict, defendant appeals.

*Folger & Folger by Fred Folger, Jr. for defendant appellant.*
*Barber and Gardner by Wilson Barber for plaintiff appellee.*

PARKER, J.   Plaintiff's evidence tends to show:

About 1:30 p.m. on 2 October 1960, at a time when the weather was clear and the highway was dry, he was driving his automobile south on U. S. Highway #52 near the town of Mount Airy and approaching the place where Welch Bridge Road intersects the highway from the east. The highway was level for one-half mile with a slight curve to the north. The pavement of the highway is twenty-four feet wide with eight-foot shoulders on the west side and twelve-foot shoulders on the east side. He was traveling about fifty miles an hour. Through his rear view mirror he saw Dr. Calvin E. Bruce, who was driving his automobile south on U. S. Highway #52, pass a tractor-trailer and get in behind him. When he approached within 150 to 200 feet of the intersection of the highway by Welch Bridge Road, he gave a left-hand signal to indicate his intention to make a left turn onto Welch Bridge Road. When he approached closer to the intersection, he saw five or six automobiles meeting him on the highway traveling north. In consequence he brought his automobile to a complete stop on his right-hand side of the highway to permit this traffic to pass so he could make his indicated left turn. After he had been stopped for about a minute, with his left hand out of the window the entire time, defendant drove his

automobile into the rear of his automobile forcing his automobile over an embankment on the left of the highway. As a result of the collision he and defendant were injured, and their automobiles were damaged.

Plaintiff alleges in his complaint that defendant was negligent in operating his automobile in a careless and reckless manner in violation of G.S. 20-140, in driving it at a speed in excess of fifty-five miles an hour in violation of G.S. 20-141 (b) (4), in failing to reduce his speed in approaching an intersection in violation of G.S. 20-141 (c), in failing to keep a proper lookout, and in failing to exercise due care.

Defendant's evidence tends to show:

He was following plaintiff's automobile at a speed of about fifty miles an hour, and was about 150 to 200 feet behind it. When he approached within about 150 feet of Welch Bridge Road, he saw an automobile come down the road and slide his wheels as if he might slide into the highway. He had seen no hand signal to turn or stop given by plaintiff. He watched the automobile on Welch Bridge Road until he saw its driver was able to stop before sliding into the highway. He then turned his attention to plaintiff's automobile in front of him, and was surprised to see it had slowed down very much or had completely stopped in the middle of the highway, where there was a high bank on the right. He applied his brakes, and slowed down to twenty or twenty-five miles an hour before he collided with the rear end of plaintiff's automobile.

Considering plaintiff's evidence, and defendant's evidence favorable to him, it is our opinion that the trial court properly overruled defendant's motion for judgment of compulsory nonsuit made at the close of all the evidence. Ordinarily the mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed, was following too closely, or failed to keep a proper lookout. *Smith v. Rawlins,* 253 N.C. 67, 116 S.E. 2d 184; *McGinnis v. Smith,* 253 N.C. 70, 116 S.E. 2d 177; *Clontz v. Krimminger,* 253 N.C. 252, 116 S.E. 2d 804; *Clark v. Scheld,* 253 N.C. 732, 117 S.E. 2d 838. However, "The relative duties automobile drivers owe one another, when they are traveling along a highway in the same direction, are governed ordinarily by the circumstances in each particular case." *Beaman v. Duncan,* 228 N.C. 600, 604, 46 S.E. 2d 707, 710.

Plaintiff's evidence tends to show when he approached within 150 to 200 feet of the intersection of the highway by Welch Bridge Road, he gave a left-hand signal to indicate his intention to make a left turn onto this road, and that when he had stopped his automobile on the highway by reason of traffic meeting and passing him he had his left hand out of the window for about a minute before defendant ran into his rear. Surely under those circumstances plaintiff cannot be held

guilty of contributory negligence as a matter of law. *Dreher v. Divine,* 192 N.C. 325, 135 S.E. 29; *McGinnis v. Smith, supra.*

The court in its charge on the first issue, which is, "Was the plaintiff injured and damaged by the negligence of the defendant, as alleged in the complaint?", said in part: "Then, the plaintiff says and contends that the defendant was also in violation of the speed statute, subsection 'a'—he then read G.S. 20-141 (a)—and subsection 'c'—he then read G.S. 20-141 (c)—(and that the defendant was in violation of General Statutes 20-154, subsection 'b', 'The signal herein required shall be given by means of the hand and arm in the manner herein specified. . .for left turn the hand and arm horizontal forefinger pointing, that all hand and arm signals shall be given from the left side of the vehicle, and signal shall be maintained or given continuously for the last one hundred feet traveled prior to stopping or making a turn.')"

Defendant assigns the part of the charge above in parentheses as error. This assignment of error is good.

The Court said in *Blanton v. Dairy,* 238 N.C. 382, 77 S.E. 2d 922:

"It is the duty of the trial court to explain and apply the law to the substantive phases of the evidence adduced (G.S. 1-180), and an instruction which presents an erroneous view of the law or an incorrect application thereof, even though given in stating the contentions of the parties, is error, the rule being that while ordinarily the misstatement of a contention must be brought to the trial court's attention in apt time, this is not necessary when the statement of the contention presents an erroneous view of the law or an incorrect application of it." (Citing authority.)

Plaintiff neither alleges nor contends that defendant violated G.S. 20-154 (b). So far as this collision is concerned this subsection of the statute has no application to defendant's operation of his automobile, because defendant was driving behind plaintiff. To charge the jury that plaintiff contended defendant was violating this subsection of the statute was an incorrect application of the subsection of the statute to the facts, and was prejudicial to defendant, which entitles him to a

New trial.