DeWITT WHITE, Plaintiff, v. MRS. LUCY PHELPS AND JOSEPH PHELPS, Defendants.

(Filed 6 November 1963.)

1. **Automobiles §§ 17, 46—**

Where both parties introduce evidence that the intersection at which the collision occurred had electric control signals and the municipal ordinance is pleaded by the one party and its existence admitted by the other, the fact that the ordinance is not introduced in evidence is not fatal and G.S. 20-155 is not applicable, and an instruction defining the right-of-way in terms of which vehicle was on the right is error.

2. **Trial § 33—**

An instruction which presents an erroneous view of the law on a substantive phase of the case is prejudicial error.

APPEAL by defendants from *Williams, J.*, January 1963 Regular Civil Session of WAKE.

*Smith, Leach, Anderson & Dorsett for plaintiff.*
*Manning, Fulton, Skinner & Hunter and Young, Moore & Henderson for defendants.*

PER CURIAM. An automobile, owned and being operated by plaintiff, and an automibile, owned by male defendant and being operated by *feme* defendant, collided at the intersection of Hillsboro and Dawson Streets in the City of Raleigh on 1 December 1960. Plaintiff was proceeding eastwardly on Hillsboro, and *feme* defendant was driving southwardly on Dawson. Plaintiff sues for property damage; defendants counterclaim for personal injury and property damage. Verdict and judgment were in favor of plaintiff.

At the intersection in question traffic was controlled by automatic electric signals which alternately displayed green, yellow and red lights. Each of the parties alleged and testified that they entered the intersection on a green light.

The court in instructing the jury, after giving the contention of plaintiff that defendant entered the intersection on a red light, recited the provisions of G.S. 20-155 that "When two vehicles approach an intersection . . . at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right," and then charged the jury as follows:

"... (I)f you are satisfied from the evidence in the case that on this occasion the vehicle driven by the plaintiff and the vehicle driven by the defendant Mrs. Phelps approached the intersection at approximately the same time and that the vehicle of the defendant approached it on the left of the vehicle driven by the plaintiff it became the duty of the driver of the vehicle on the left to yield the right-of-way to the vehicle operated by the plaintiff and if you find by the greater weight of the evidence that she failed to do so and further find that because she failed to do so that that was the proximate cause or one of the proximate causes resulting in the collision and resulting injury and damage, if you find that by the greater weight of the evidence, you would answer this first issue 'yes;' otherwise you would answer it 'no.'"

Where by reason of automatic traffic lights, stop or caution signs or other devices one street at an intersection is favored over the other, and one street is thereby made permanently or intermittently dominant and the other servient, G.S. 20-155 has no application. *Jordan v. Blackwelder*, 250 N.C. 189, 108 S.E. 2d 429; *Primm v. King*, 249 N.C. 228, 106 S.E. 2d 223. An instruction which presents an erroneous view of

the law upon a substantive phase of the case is prejudicial error. *Parker v. Bruce*, 258 N.C. 341, 128 S.E. 2d 561. In the instant case plaintiff was "on the right;" the verdict was in his favor. The instruction was clearly prejudicial.

The ordinance of the City of Raleigh providing for the installation and maintenance of traffic lights is pleaded by the plaintiff, and defendants admit the existence of the ordinance. The ordinance itself was not introduced in evidence. The failure to offer the ordinance in evidence does not make G.S. 20-155 applicable. The evidence of the presence of traffic lights was not without effect. *Wilson v. Kennedy*, 248 N.C. 74, 102 S.E. 2d 459.

New trial.