HAROLD WILLIAM RATHBURN v. DONALD FRANKLIN SORRELLS AND JAY EDWIN SORRELLS

No. 6928SC155

(Filed 18 June 1969)

1. **Automobiles §§ 19, 90— accident at intersection controlled by signals — instruction as to right of way**

   In this action for property damage resulting from an automobile collision at an intersection, the trial court erred in instructing the jury as to the duty of the driver on the left to yield the right of way when two vehicles approach an intersection at approximately the same time, where the evidence disclosed that plaintiff and defendant were proceeding in opposite directions and that the intersection was controlled by automatic traffic signals, G.S. 20-155(a) being inapplicable in such a situation.

**2. Trial § 33— instructions — erroneous view of the law on a substantive phase of the case**

    An instruction which presents an erroneous view of the law on a substantive phase of the case is prejudicial error.

APPEAL by defendant from *Froneberger, J.,* at the 4 November 1968 Civil Session, Superior Court of BUNCOMBE.

This is a civil action commenced 3 July 1967 to recover for property damages arising out of an automobile accident which occurred on 8 April 1967 in the City of Asheville, North Carolina. Plaintiff alleges that the defendant, Donald Franklin Sorrells, negligently drove an automobile, owned by Jay Edwin Sorrells and maintained for the general use, pleasure, and convenience of his family, into the path of the plaintiff's vehicle. The defendants answered, denying negligence, alleged contributory negligence on the part of the plaintiff as an affirmative defense, and set up a counterclaim for damages to the vehicle owned by Jay Edwin Sorrells. Plaintiff, in his reply, alleged contributory negligence as an affirmative defense to the defendants' counterclaim.

The accident occurred on Hendersonville Road at the point where Vanderbilt Road and All Souls Crescent intersect said road. Hendersonville Road at this point is a divided four-lane highway and runs in a north-south direction with Vanderbilt Road entering Hendersonville Road from the southwest. All Souls Crescent enters Hendersonville Road north of Vanderbilt Road and from the northwest and exits toward the east. In order for one traveling in a northeastwardly direction on Vanderbilt to enter All Souls Crescent in a northwestwardly direction, it is necessary to make a left turn on Hendersonville Road, travel northerly for a short distance, and then make a left turn on All Souls Crescent, crossing the southbound lanes of Hendersonville Road. Each of these turns are governed by traffic signals.

The plaintiff offered testimony which tended to show that he was traveling south on Hendersonville Road when the defendant, Donald Franklin Sorrells, entered Hendersonville Road from Vanderbilt Road, and traveled north for a short distance on Hendersonville Road. Defendant, Donald Franklin Sorrells, then attempted to make a left turn onto All Souls Crescent when he and the plaintiff collided. Both parties stated that the traffic signal controlling their movement was green when the accident occurred. The defendant, Donald Franklin Sorrells, testified that prior to the time the accident occurred, he was traveling north on Hendersonville Road and that he had not been on Vanderbilt Road. He stopped in the left hand lane at the

intersection of All Souls Crescent and Hendersonville Road in order to make a left turn onto All Souls Crescent. Donald Franklin Sorrells testified that when the traffic light in front of him exhibited a green arrow pointing toward All Souls Crescent, he proceeded with his turn as planned. That he saw the plaintiff's automobile just before the collision but that he thought the plaintiff would stop. Plaintiff's car and the car driven by Donald Franklin Sorrells collided in the center of the southbound lanes of Hendersonville Road.

The jury answered the issues of negligence and contributory negligence favorable to the plaintiff and awarded him damages. From judgment entered on this verdict defendants appealed.

*Thomas E. L. Lipsey and Uzzell and Dumont by Harry Dumont for plaintiff appellee.*

*Williams, Morris and Golding by William C. Morris, Jr., and Robert G. McClure, Jr., for defendant appellants.*

MORRIS, J.

[1]    The trial judge instructed the jury as follows:

"When two vehicles approach or enter an intersection and/or junction, at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right, except as otherwise provided in another chapter of this law . . ."

The portion of the charge quoted above is essentially the rule of law stated in G.S. 20-155(a). The defendants argue that this rule of law is not applicable to the facts in the present case and that to so charge the jury was prejudicial error. We agree.

In *Shoe v. Hood*, 251 N.C. 719, 112 S.E. 2d 543, the plaintiff and defendant, as in the present case, were traveling in opposite directions on a four-lane street when the defendant made a left turn in front of the plaintiff. The defendant had entered the four-lane street from the east and had traveled only a short distance before making the left hand turn. The intersection, as in the present case, was governed by traffic signals. Our Supreme Court held that G.S. 20-155(a) was not applicable to these facts. "Where motorists are proceeding in opposite directions and meeting at an intersection controlled by automatic traffic lights, G.S. 20-155(a) has no application." *Shoe v. Hood, supra.*

[2]    "An instruction which presents an erroneous view of the law upon a substantive phase of the case is prejudicial error. *Parker v.*

*Bruce,* 258 N.C. 341, 128 S.E. 2d 561." *White v. Phelps,* 260 N.C. 445, 132 S.E. 2d 902.

For error committed in the instruction to the jury there must be a New trial.

CAMPBELL and BROCK, JJ., concur.