JUDGE v. KILTS

1. PLEADINGS—VARIANCE—APPEAL AND ERROR—PRESERVING QUESTION.
   An objection to a variance between the pleadings and the proofs may not be made for the first time on appeal.

2. PLEADINGS—VARIANCE—AMENDMENT.
   A variance between the pleadings and the proofs, if it is curable by amendment, is regarded on appeal as amended where there has been no timely objection.

3. PLEADINGS—VARIANCE—APPEAL AND ERROR—TIMELY OBJECTION.
   An objection to a variance between the pleadings and the proofs was not timely made where the objection was not made until after the close of proofs.

4. PLEADINGS—NEGLIGENCE—VARIANCE—INSTRUCTIONS TO JURY.
   Failure to give a requested instruction to the jury that the plaintiff gave a left-turn signal approximately 25 yards before turning, as stated in the complaint, was not error where there was a variance between the statement in the complaint and the plaintiff's testimony that he had made the signal approximately 220 yards before turning, the defendant did not move to strike the testimony, did not make any objection to the testimony at any time, cross-examined the plaintiff as to the different distances, pointed out the difference to the jury, did not claim surprise, waited until the close of the proofs to request the instruction, and where the instruction requested was incorrect.

5. WITNESSES—CREDIBILITY—INCONSISTENCIES.
   A discrepancy between the plaintiff's complaint and his testimony at trial bears on the issue of his credibility.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 5 Am Jur 2d, Appeal and Error § 545.
[5] 58 Am Jur, Witnesses § 863 et seq.
[6-8] 8 Am Jur 2d, Automobiles and Highway Traffic § 770 et seq.

6. Automobiles—Negligence—Presumptions—Rear-End Collision —Statutes.

Presumption of negligence in a rear-end collision arose where the plaintiff testified that he had given a turn signal one-eighth of a mile before turning, was traveling between 15 miles per hour and 25 miles per hour, was struck by the defendant, who had been driving behind him, even though, at the time of the accident, the plaintiff's car had partly entered the driveway into which it was turning (MCLA §257-.402).

7. Automobiles—Rear-End Collision—Presumption—Refutation —Evidence.

The presumption of negligence in a rear-end collision was not overcome by the defendant even though the plaintiff's complaint and testimony at trial conflicted as to when he had given a turn signal where the defendant relied solely on the direct examination and cross-examination of the plaintiff's witnesses and on the plaintiff's exhibits (MCLA § 257-.402).

8. Automobiles—Rear-End Collision—Statutes—Legislative Intent.

The statutory presumption concerning a rear-end collision was not intended by the legislature to be applied only to those cases where the two vehicles were proceeding on an identical course or where the lead vehicle was stopped, because the statute would then be unnecessarily restricted to tailgaiting cases (MCLA § 257.402).

Appeal from Isabella, Robert H. Campbell, J. Submitted Division 3 May 7, 1970, at Grand Rapids. (Docket No. 7,581.) Decided October 29, 1970.

Complaint by Thomas J. Judge and Citizens Mutual Insurance Company, subrogee of Thomas J. Judge, against Donald E. Kilts for damages for injuries in a rear-end automobile collision. Judgment on a jury verdict for plaintiffs. Defendant appeals. Affirmed.

*Lynch, Gallagher, Lynch & Kerr,* for plaintiff Judge.

*Cotter, Janes & O'Connell* for plaintiff Citizens Mutual Insurance Company.

*Fortino, Plaxton & Moskal* for defendant.

Before: HOLBROOK, P. J., and BRONSON and MUNRO,* JJ.

MUNRO, J. This case concerns an automobile accident which occurred on highway M–20 approximately seven miles west of Mount Pleasant in Isabella county, Michigan, on December 8, 1964, at or about 10:30 a.m. The accident occurred when the appellee[1] who had entered M–20 from a private driveway approximately a quarter of a mile east of a gasoline station was in the process of making a left turn into the gasoline station. The vehicles driven by the appellee and the appellant were travelling on M–20 in a westerly direction. At the time of impact the appellee's vehicle was partly on the southerly lane of M–20 and partly in the gasoline station driveway; the left front of the appellant's vehicle striking the appellee's vehicle in the middle of the rear end of his vehicle.

Following a jury trial, a judgment was rendered in favor of the appellees. A timely motion for a new trial was denied and appellant filed his claim of appeal, alleging that the trial court erred in two particulars. First, did the trial court commit reversible error in refusing to give defendant's proposed instruction to the jury entitled "Admissions"

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Although there are two plaintiff-appellees, the terms "plaintiff" and "appellee" will be used and refer to Thomas Judge, driver of one of the automobiles.

and, second, did the trial judge err in instructing the jury in accordance with the statute that a rear-end collision is *prima facie* proof of negligence?

As to the first issue complained of by the appellant the requested instruction which the trial court did not give provided as follows:

"Any statement of fact set forth in any pleading shall be treated as an admission by the pleader and need not be proved by the opposite party. In this case, both plaintiffs have set forth in their pleadings that Mr. Judge turned his signal on when he was 25 yards away from the VanZandt Store.

"As far as the defendant is concerned, that statement can be taken as an admission by the plaintiffs and the defendant is not required to prove that particular fact. (GCR 606)"

This requested instruction was predicated upon paragraph 6 of appellees' complaint which in part provided:

"That plaintiff, Thomas J. Judge, proceeding in the westbound lane of this two-lane road and at a point approximately 200 yards east of South Coldwater Road, plaintiff, Thomas J. Judge, made a left turn signal intending to drive into VanZandt's Store, located on the south side of M–20 and at a point approximately 175 yards east of South Coldwater Road."

During the trial the plaintiff's testimony indicated that he had turned the left-turn blinker light on at a distance of approximately 1/8 of a mile or 660 feet before entering the gas station driveway. The defendant rigorously cross-examined the plaintiff as to the alleged differences between his complaint and his testimony and, during his argument, pointed out the differences to the jury. The defendant did not, however, at any time make any objec-

tion to the plaintiff's testimony concerning the time or place of signaling when the testimony was given nor was any motion to strike the testimony made. The defendant having made no objection nor having requested that such testimony be stricken did, however, request an instruction as previously referred too, after the completion of proofs and prior to the court's instructions to the jury. The paragraph of the complaint referred to by defendant contained approximate distances and the testimony at the trial given by the plaintiff concerning this matter also were approximate distances. The instruction as requested did not in fact recite the contents of the complaint correctly in that the distances in the complaint were approximate distances. The defendant at no time claimed surprise and made no motion to strike the testimony. The fact that he waited and presented an instruction comes too late since the trial court in this matter did instruct the jury in part, "You will decide what happened and how it happened from the testimony of the witnesses and the evidence presented during the trial." The jury had before them for consideration that portion of the complaint referred to by the defendant which was read into the record by the defendant as well as the testimony of the witnesses on the stand, including the plaintiff, relating to the distances involved. The rule in Michigan when proof varies from pleading and when the opposite party fails to object is laid down in the case of *Hallock* v. *Income Guaranty Co.* (1935), 270 Mich 448, 454, where the Supreme Court held, in part:

"Objection on account of variance between pleadings and proofs may not be raised for the first time on appeal. No surprise or prejudice is claimed by defendant. Defendant's attorney himself pointed out the variance to plaintiff during the trial and

asked for an explanation, but made no objection. The variance was one that could be cured by amendment and it will now be regarded as amended in accordance with the rule laid down in *Scendar* v. *Winona Copper Co.* (1912), 169 Mich 665."

While the appellant in this case raised the issue in the trial court he did not do so until the close of proofs. See also *Wheeler* v. *Equitable Life Assurance Society of the United States* (1940), 294 Mich 520, 526 where the Supreme Court held:

"The declaration alleges the disablement as of November 1, 1935, but the trial court found and the proofs show that the disablement occurred prior to August 1, 1935. The variance is one that can be cured by amendment, and it will now be regarded as amended  *  *  *  ."

The discrepancy between plaintiffs' complaint and his testimony on the stand bears on the issue of credibility and was properly submitted to the trier of the facts; failure to instruct as requested was not error.

Appellant's second allegation of error relates to the court's including in its instructions the presumption of negligence arising from a rear-end collision, as provided in MCLA § 257.402 (Stat Ann 1968 Rev § 9.2102). Appellant contends that the statute creating the presumption applies only where the two vehicles were proceeding on an identical course or where the lead vehicle was stopped. The uncontradicted testimony in this case indicates that the point of impact was the center of the rear portion of plaintiff's car and the left front of the defendant's car. The defendant in this case elected to rely on the testimony and evidence elicited on cross-examination and direct examination of Judge's witnesses and on Judge's exhibits. Even though

the appellant was present in court throughout the trial he did not testify in this cause. If appellant's contention that the court erred in instructing on the presumption arising from rear-end collision is to apply only when the cars were going in the exact same direction or when the lead car was stopped the presumption of the statute would be limited in effect to tailgating cases. Judge testified that he turned his left-turn-blinker light on some 1/8 of a mile before the turn into the gas station driveway; that, in addition, he looked to the rear and did not see the defendant's car approaching and felt he could make the left turn in safety. While this testimony conflicted with the allegations contained in the complaint both allegations were presented to the jury and it is this Court's opinion, in accordance with the decision of the Supreme Court in the case of *Garrigan* v. *LaSalle Coca-Cola Bottling Company* (1961), 362 Mich 262, that the defendant in this case did not present such clear, positive, and credible presumption-rebutting evidence that would justify elimination of the presumption by the trial court as a matter of law.

As a matter of fact, refusal of the trial court to instruct the jury on the rear-end presumption, as provided by statute, would, under the circumstances here existing, have been reversible error. The testimony of the plaintiff in this matter indicates that from the time he turned onto highway M–20 leaving the Itco Store until he turned into the gas station driveway approximately a quarter of a mile away his speed varied from a maximum of 25 miles an hour to a speed under 15 miles an hour at the time he was making the turn. The jury had a right to consider plaintiff's theory on the occurrence of the accident, and, if his testimony were believed by the jury, the rear-end presumption statute would apply

despite the fact that the plaintiff was making a left turn and at the time of impact his car had partly entered the gas station driveway.   To hold otherwise would, in the opinion of the Court, unnecessarily restrict the rear-end collision presumption statute.   It is this Court's opinion that it was not the intention of the Legislature to so restrict the statute as contended by the appellant.

The charge of the trial court to the jury should be considered in its entirety and when so considered we find that the trial court in its instructions fairly presented the questions involved to the jury for their determination.   *Zebell* v. *Krall* (1957), 348 Mich 482.

Judgment affirmed.   Costs to plaintiffs.

All concurred.