SMITH v. BOHLEN

[95 N.C. App. 347 (1989)]

ROY DUDLEY SMITH v. JAMES ALBERT BOHLEN AND BETTY LOU HOLM-
QUIST BOHLEN

No. 8818SC1014

(Filed 5 September 1989)

1. **Automobiles and Other Vehicles § 90.9 — automobile accident —
no instruction that negligence may be inferred from rear-end
collision — no error**

The trial court did not err in a negligence action arising
from an automobile accident by instructing the jury that no
inference of negligence should arise from the fact of injury
and damage without also instructing the jury that negligence
may be inferred from a rear-end collision. The trial court charged
the jury on five different ways in which defendant may have
been negligent and plaintiff's requested instruction amounts
to an application of the law to the evidence, which is not
required. Requests for special instructions must be submitted
in writing before the trial court begins its charge to the jury,
N.C.G.S. § 1A-1, Rule 51(b), and the denial of a request when
the party fails to comply with Rule 51(b) is within the trial
court's discretion.

2. **Automobiles and Other Vehicles § 90.9 — automobile accident —
rear-end collision — failure to instruct that defendant must come
forward with evidence that he was not negligent — no error**

The trial court did not err in a negligence action arising
from an automobile accident by failing to instruct the jury
that it could render a verdict for plaintiff unless it found
that defendant came forward with evidence to show he was
not negligent. Plaintiff did not request such an instruction
and therefore cannot assign error to its omission; moreover,
no presumption of negligence from an unexplained rear-end
collision arises under the law of North Carolina.

3. **Trial § 11.2 — automobile accident — improper comments and
questions by defense counsel — no new trial**

The trial court did not err in a negligence action arising
from an automobile accident by denying plaintiff's motion for
a new trial based on the improper comments and questions
by defense counsel where defense counsel commented during
opening argument that the case was important to defendant

because he was retired, that plaintiff's evidence was incredible and that counsel "did not buy it," and defense counsel asked plaintiff's former employer if plaintiff had left his job because the new owners were immigrants from Lebanon and plaintiff did not want to work for foreign people. Although counsel's statements and question were improper, the trial court sustained objections, struck the question, and instructed the jury to disregard them.

4. **Trial § 11.2 — negligence action — improper argument by defense counsel — no prejudicial error**

The trial court did not err by not acting ex mero motu to correct an impropriety in the closing argument of defense counsel in an automobile negligence action where defense counsel made a remark that, in the context of the case, could only be interpreted as a reference to publicity concerning lawsuits and their effect on the insurance industry, but the meaning of the remark was somewhat vague and there was no indication in the record that counsel made any other statements along the same lines.

Judge PHILLIPS dissenting.

APPEAL by plaintiff from Morgan (Melzer A., Jr.), Judge. Judgment entered 19 April 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 22 March 1989.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Michael K. Curtis, for plaintiff-appellant.*

*Frazier, Frazier & Mahler, by Robert A. Franklin and James D. McKinney, for defendant-appellees.*

PARKER, Judge.

Plaintiff brought this action to recover for personal injuries he allegedly sustained in an automobile accident. Plaintiff's evidence tended to show that his car was struck from behind by a car driven by defendant James Bohlen and owned by defendant Betty Lou Bohlen. The accident occurred as plaintiff was making a right-hand turn into a driveway. Plaintiff offered evidence to show that he suffered a permanent injury to his neck and permanent nerve damage as a result of the collision.

Defendants offered no evidence. The jury found that plaintiff was not injured by the negligence of defendant James Bohlen. The trial court denied plaintiff's motion for a new trial and entered a judgment upon the verdict.

On appeal plaintiff brings forward five assignments of error. Plaintiff's first three assignments of error are directed to the trial court's instructions to the jury on the issue of negligence. Plaintiff's fourth assignment of error is that the trial court erred in denying plaintiff's motion for a new trial on the basis of improper conduct on the part of defendants' counsel. Plaintiff's fifth assignment of error is that the trial court erred by failing to act on its own motion to censure an improper remark made by defendant's counsel during his closing argument.

[1] Plaintiff first contends that the trial court erred in instructing the jury that no inference of negligence should arise from the fact of injury and damage without also instructing that negligence may be inferred from a rear-end collision. Following the charge, plaintiff's counsel made the following request:

> Your Honor charged the jury that the mere fact of a collision doesn't give rise to the inference of negligence. I think, in this case, the jury should be further told that the fact of a collision with a vehicle ahead furnishes some evidence that the following—from which they can but need not infer that the following motorist was negligent as to speed, following too closely, or failing to keep a proper lookout in accordance with 128 Southeast [sic] 2d 562 and a series of other cases.

The record further shows that counsel produced a copy of the case he cited to the court. Research discloses that the cited case is *Parker v. Bruce*, 258 N.C. 341, 128 S.E.2d 561 (1962), in which the Court stated, "[o]rdinarily the mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed, was following too closely, or failed to keep a proper lookout." *Id.* at 343, 128 S.E.2d at 562.

Contrary to counsel's statement, the trial judge did not instruct that the mere fact of a collision does not give rise to the inference of negligence. The instruction was that "negligence is not to be presumed from the mere happening of injury or damage." We first note that plaintiff never objected to the instruction actually given by the trial court, namely, that negligence is not to be

presumed from the mere fact of injury or damage. Therefore, plaintiff cannot assign error to that portion of the charge. Rule 10(b)(2), N.C. Rules App. Proc. In any event, the charge is a correct statement of the law. It is included in the pattern jury instructions for automobile negligence, N.C.P.I.—Civ. 102.10, and the proposition that negligence is not presumed from injury is well established in our case law. *See, e.g., King v. Bonardi,* 267 N.C. 221, 227, 148 S.E.2d 32, 37 (1966).

Plaintiff's arguments, both on appeal and in the court below, fail to distinguish the concepts of inference and presumption. An inference is merely a permissible deduction from the evidence; a presumption is compulsory and is binding on the jury unless there is sufficient proof to rebut it. *Henderson County v. Osteen,* 297 N.C. 113, 117, 254 S.E.2d 160, 163 (1979). Thus, when a given set of facts gives rise to an inference of negligence, there is still no presumption of negligence and the jury is free to reject the inference. *See Lentz v. Gardin,* 294 N.C. 425, 241 S.E.2d 508 (1978). Furthermore, such an inference does not arise out of the mere fact of injury, but is a product of the circumstances under which the injury occurred. *See Powell v. Cross,* 263 N.C. 764, 768, 140 S.E.2d 393, 397 (1965).

In the present case, plaintiff testified that defendants' vehicle struck him from behind as he was making a right turn. Because defendants offered no evidence to explain the collision, the collision itself supports an inference of negligence. *See Beanblossom v. Thomas,* 266 N.C. 181, 188, 146 S.E.2d 36, 42 (1966). Nevertheless, we find no error in the trial court's refusal to instruct the jury as requested by plaintiff.

The trial court charged the jury on five different ways in which defendant may have been negligent. The record shows that the trial court instructed the jury that they could find that defendant James Bohlen (hereinafter "defendant") was negligent if he: (i) unreasonably failed to decrease speed; (ii) failed to keep a reasonable lookout; (iii) failed to maintain proper control of his vehicle; (iv) exceeded reasonable speed; or (v) followed plaintiff's vehicle too closely. Thus, the jury was permitted to infer negligence from the evidence and the charge adequately presented the relevant issues. *Cf. Masciulli v. Tucker,* 82 N.C. App. 200, 346 S.E.2d 305 (1986) (in case involving rear-end collision, trial court erred in failing to instruct on proper lookout and control). Plaintiff's

SMITH v. BOHLEN

[95 N.C. App. 347 (1989)]

requested instruction amounts to an application of the law to the evidence, which is not required. Rule 51(a), N.C. Rules Civ. Proc. Requests for special instructions must be submitted in writing before the trial court begins its charge to the jury. Rule 51(b), N.C. Rules Civ. Proc. When a party fails to comply with Rule 51(b), the denial of a request is within the trial court's discretion. *Id.; Hord v. Atkinson,* 68 N.C. App. 346, 351, 315 S.E.2d 339, 342 (1984).

Plaintiff in this case clearly did not comply with Rule 51(b), and we find no abuse of discretion in the trial court's denial of plaintiff's request. Moreover, under the facts of this case, it is unlikely that the requested instructions would have affected the verdict. The only direct evidence of negligence on defendant's part was his admission that he glanced at a traffic light shortly before the collision. Thus, the collision itself was virtually the only evidence to be considered by the jury. In this respect, we also note that the issue submitted to the jury was not merely whether defendant was negligent, but whether plaintiff was injured by defendant's negligence. Plaintiff's evidence of his injuries was primarily based upon diagnoses rendered well after the incident occurred. The jury may have disbelieved this evidence and based its verdict upon a finding of no injury as opposed to no negligence.

[2] Plaintiff next contends that the trial court erred in failing to instruct the jury that it could render a verdict for plaintiff unless it found that defendant came forward with evidence to show that he was not negligent. Plaintiff did not request such an instruction; therefore, he cannot assign error to its omission from the charge. Rule 10(b)(2), N.C. Rules App. Proc. Moreover, plaintiff relies on cases from other jurisdictions in which an unexplained rear-end collision creates a presumption of negligence. *See, e.g., Baughman v. Vann,* 390 So.2d 750 (Fla. Dist. Ct. App. 1980); *Judge v. Kilts,* 27 Mich. App. 502, 183 N.W.2d 868 (1970). No such presumption arises under the law of this State. Where the plaintiff's evidence establishes a prima facie case of negligence, the burden of proof does not shift to the defendant. The burden remains with the plaintiff even if the defendant offers no evidence. *White v. Hines,* 182 N.C. 275, 109 S.E. 31 (1921). Accordingly, we find no error in the trial court's charge to the jury.

[3] Plaintiff next assigns error to the trial court's denial of plaintiff's motion for a new trial on the grounds of improper comments and questions made by defendants' counsel. Two of the comments

occurred during counsel's opening statement. Although the opening statement was not recorded, the parties and the trial judge agreed that counsel made statements to the effect that (i) the case was important to defendant because he is retired, and (ii) plaintiff's evidence was incredible and counsel "did not buy it." The trial court sustained plaintiff's objections to these comments. The improper questioning occurred when counsel asked plaintiff's former employer if plaintiff left his job because the new owners were immigrants from Lebanon and plaintiff did not want to work for foreign people. The trial court sustained plaintiff's objection to the question, allowed his motion to strike, and instructed the jury not to consider the question.

The trial court's decision to grant or deny a motion for a new trial is reviewable only for abuse of discretion. *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 290 S.E.2d 599 (1982). Although counsel's conduct in this case was improper, we find no abuse of discretion in the trial court's denial of plaintiff's motion.

Counsel's statement that the case was important to defendant because he is retired was improper because it related to defendant's ability to pay damages. *Watson v. White*, 309 N.C. 498, 507, 308 S.E.2d 268, 273-74 (1983). The impropriety was not prejudicial to plaintiff, however, because the trial court sustained plaintiff's objection and the jury did not reach the issue of damages. *Id.* Counsel's statement to the effect that plaintiff's evidence was not credible was improper because it amounted to an expression of counsel's opinion as to plaintiff's truthfulness. *See State v. Price*, 313 N.C. 297, 302, 327 S.E.2d 863, 866 (1985). *See also* Rule 7.6(C)(4), N.C. Rules of Professional Conduct. Because the trial court sustained plaintiff's objection, however, the improper comment was not prejudicial error. Since the opening statements were not transcribed, the record in this case does not reveal whether the trial court instructed the jury to disregard the comments. *See State v. Woods*, 307 N.C. 213, 222, 297 S.E.2d 574, 579 (1982). Even assuming, however, that the trial court failed to instruct the jury to disregard the comments, the comments were not so inflammatory and prejudicial as to require a new trial.

Counsel's question as to whether plaintiff was willing to work for foreigners was clearly irrelevant and an improper attempt to portray plaintiff as being biased against foreigners. The trial

court cured any prejudice, however, by striking the question and instructing the jury to disregard it. Moreover, the witness went on to testify that almost all of the establishment's employees left when the new owners took control of the business.

[4] Plaintiff next contends that the trial court erred in failing to act on its own motion to correct an impropriety in the closing argument of defendants' counsel. The record shows that counsel made the following statement in his argument to the jury:

> If you were sitting around reading the newspaper and you saw something that upset them [sic] and you said "Why don't they do something about it?" then this is your opportunity to be "they."

Plaintiff did not object to the statement. Plaintiff contends, however, that the statement is an improper reference to the view that there is a "lawsuit crisis" which is causing problems with insurance costs and coverage. Plaintiff also contends that the impropriety was gross so as to require the trial court to take corrective action even in the absence of an objection. *See Watson v. White*, 309 N.C. at 507, 308 S.E.2d at 274.

We agree with plaintiff that, in the context of this case, counsel's remark can only be interpreted as a reference to publicity concerning lawsuits and their effect on the insurance industry. Thus, the remark was an improper appeal to the pecuniary interest of the jurors in that it implied that a verdict for defendant would help to hold down insurance costs. *See Williams v. North River Ins. Co.*, 579 S.W.2d 410, 413 (Mo. Ct. App. 1979). *See also* 75 Am. Jur. 2d *Trial* § 300 (1974) (improper to appeal to self-interest of jurors as taxpayers). Although we are of the opinion that the trial court could have exercised its discretion to censure the remark on its own motion, we find no reversible error in its failure to do so in this case. The meaning of the remark is somewhat vague, and there is no indication in the record that counsel made any other statements along the same lines. Under these circumstances, it was plaintiff's duty to call the matter to the trial court's attention. Even considering the remark together with counsel's other improper comments, we do not find prejudice to plaintiff warranting a new trial.

For the foregoing reasons, we find that the trial was free of reversible error.

No error.

Judge COZORT concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In the context of this unexplained rear-end collision case, the court having seen fit to twice instruct the jury the unnecessary and obfuscatory, though approved, bromide that "negligence is not to be presumed from the mere fact of either personal injury or property damage, or both," the court erred in my judgment by not also instructing them that evidence of the rear-end collision was some evidence of defendant's negligence. As it was the jury was told that they were not to take for granted that defendant was negligent because he ran into the rear of plaintiff's car, and that plaintiff had to prove that defendant was negligent in one of the three ways alleged, but were not told that they could infer from the circumstances of the collision that defendant was negligent in each of the three ways alleged. Thus, the jury may not have considered virtually the only evidence presented as to defendant's negligence. The prejudicial effect of this failure to clarify the situation seems obvious and that effect was probably accentuated by the improper attempts to prejudice the case referred to in the opinion.