LARRY HARVEY, Plaintiff-Appellant v. LEROY STOKES, Defendant-Appellee

No. COA99-560

(Filed 21 March 2000)

## 1. Negligence— contributory—inference from plaintiff's evidence

Even though defendant did not offer any evidence at trial in a personal injury action arising out of an automobile accident, the trial court did not err in submitting the issue of contributory negligence to the jury because a jury could reasonably infer from plaintiff's own evidence that he was negligent in the operation of his motor vehicle.

## 2. Appeal and Error— transcript not certified by reporter—time for serving proposed record on appeal not expired

Although the better practice is for an appellant to request an extension of time when a court reporter fails to deliver a transcript within the sixty-day period under N.C. R. App. P. 7(b) and the trial court should set out facts which support its determinations that "good cause" exists for appellant's failure to request extensions of time and for appellant's failure to file a proposed record on appeal within the allotted time, the trial court did not abuse its discretion in denying defendant's motion to dismiss plaintiff's appeal because the thirty-five-day period within which an appellant must serve the proposed record on appeal does not begin to run until the court reporter does certify delivery of the transcript.

Appeal by plaintiff from judgment entered 20 August 1998 by Judge Henry Frye, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 21 February 2000.

On 7 May 1997, Larry Harvey (plaintiff) filed this civil action against Leroy Stokes (defendant), seeking to recover monetary damages for personal injuries arising out of an automobile accident on 14 June 1994. Defendant denied that he was negligent as alleged in the complaint, and pleaded the contributory negligence of plaintiff in bar. On 22 July 1998, a jury found that plaintiff was injured by the negligence of the defendant, but that plaintiff, by his own negligence, contributed to his injuries. The trial court entered a judgment denying plaintiff any recovery, from which plaintiff appealed in apt time.

*Gray, Newell & Johnson, L.L.P., by Angela Newell Gray, for plaintiff appellant.*

*Burton & Sue, L.L.P., by Walter K. Burton and James D. Secor, III, for defendant appellee.*

HORTON, Judge.

On 22 July 1998, following the unfavorable jury verdict, plaintiff requested in writing that the court reporter furnish him a copy of the trial transcript. The court reporter prepared a trial transcript and mailed it to plaintiff on 20 January 1999. Defendant moved to dismiss plaintiff's appeal because of plaintiff's failure to move for an extension of time to deliver the transcript, and the failure of the court reporter to deliver the transcript within 60 days of receiving an order from plaintiff to do so. The trial court denied defendant's motion, finding good cause to excuse plaintiff's failure to move for an extension of time and good cause for the court reporter's failure to deliver the transcript in a timely fashion. Defendant appealed. Defendant's appeal is pending before this Court in case number COA99-952; for clarity, we have elected to consider the appeals of both plaintiff and defendant in this opinion.

## I. Plaintiff's Appeal

**[1]** Plaintiff contends that the trial court erred in submitting the issue of contributory negligence to the jury, arguing that defendant offered no evidence at trial. Instead, defendant relied on reasonable inferences from plaintiff's evidence. We disagree with plaintiff, and hold that the issue of contributory negligence was properly submitted to the jury based on reasonable inferences drawn from plaintiff's own evidence.

Contributory negligence is "negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant . . . to produce the injury of which the plaintiff complains." *Jackson v. McBride,* 270 N.C. 367, 372, 154 S.E.2d 468, 471 (1967). Defendant bears the "burden of proving contributory negligence . . . [but] is entitled to have the issue submitted to the jury if all the evidence and reasonable inferences drawn therefrom and viewed in the light most favorable to defendant tend to establish or suggest contributory negligence." *Wentz v. Unifi, Inc.,* 89 N.C. App. 33, 38, 365 S.E.2d 198, 201, *disc. review denied,* 322 N.C. 610, 370 S.E.2d 257 (1988).

Here, the collision between vehicles driven by plaintiff and defendant occurred on Bennett Street in the City of Greensboro. At the point of collision, Bennett Street has four lanes, two for travel in a southerly direction, and two lanes for travel in a northerly direction. Immediately prior to the collision, plaintiff testified that he was traveling south along Bennett Street in the "inside" travel lane, the lane nearest the median of Bennett Street, approaching the intersection of Bennett Street and Broad Street. Plaintiff testified that he saw defendant's vehicle stop at the stop sign regulating traffic entering Bennett Street, and saw defendant begin to enter the intersection of Bennett and Broad Streets. Plaintiff testified that he blew his horn and moved over to the outside lane to "give him space." Plaintiff did not realize that defendant was moving into his lane until the contact occurred. Asked by defense counsel whether he stopped watching defendant's vehicle, plaintiff testified as follows:

A  I wouldn't say that I stopped watching. I probably began to pay a little more attention to what I was doing at that time.

. . . .

A  At that point, once I had moved over, I really considered myself to be safe and considered that I've done all the proper things and I had no idea that this gentlemen [*sic*] was going to just bear off and cut off in front of me.

Plaintiff called the investigating officer as a witness. The accident report prepared by the officer was introduced into evidence without objection. The investigating officer testified without objection that the speed limit on Bennett Street at the scene of the collision was 35 miles per hour (mph); that plaintiff was traveling 35 to 40 mph along Bennett Street, and there was no evidence that plaintiff ever reduced his speed prior to the collision. The officer also testified that there were no skid marks or tire impressions left by plaintiff's vehicle, and no indication that plaintiff made any effort to avoid the collision. According to the investigating officer, the left front of plaintiff's vehicle struck the "right rear quarter" of defendant's vehicle.

Viewing the evidence in the light most favorable to the defendant, as we are required to do, we hold that a jury could reasonably infer from the evidence summarized above that the plaintiff was negligent in the operation of his motor vehicle. As our Supreme Court stated in *Parker v. Bruce*, 258 N.C. 341, 128 S.E.2d 561 (1962), "[o]rdinarily, the mere fact of a collision with a vehicle ahead furnishes some evidence

that the following motorist was negligent as to speed, was following too closely, or failed to keep a proper lookout." *Id.* at 343, 128 S.E.2d at 562.

The trial court properly submitted the issue of contributory negligence to the jury, and properly instructed the jury on that issue. Its judgment is affirmed.

## II. Defendant's Appeal

[2] Although we have resolved plaintiff's appeal in favor of the defendant, we have elected to discuss defendant's appeal because it presents a recurring question of concern to the appellate bar of this state: what action, if any, must an appellant take to preserve the right of appeal when the court reporter does not transmit a copy of the trial transcript within the time mandated by the appellate rules?

Here, the facts with regard to the timeliness of the appeal are not contested. On 22 July 1998, the jury returned a verdict adverse to plaintiff. On that same day, plaintiff stated, "we'll file appropriate notice of appeal." Plaintiff also requested in writing on 22 July 1998, a copy of the trial transcript from the court reporter. The written judgment was signed by the trial court on 20 August 1998, "as of July 22, 1998." Plaintiff filed written notice of appeal on 20 August 1998. The court reporter did not deliver a copy of the completed transcript until 20 January 1999, long after the expiration of the 60-day period allowed the court reporter by Rule 7(b)(1) of the Rules of Appellate Procedure. There is no explanation of the reporter's delay in the record. Plaintiff did not seek an extension of time from either the trial court or from this Court, and the record does not contain reasons for his failure to do so. However, once the plaintiff received the trial transcript, he acted promptly, within the time set out in the appellate rules, to serve a proposed record on appeal. Defendant argues, however, that plaintiff had an affirmative duty to secure extensions of time, and to take whatever action might result in a more expeditious delivery of the trial transcript.

The parties have ably set forth the arguments for and against a strict construction and application of the appellate rules in the context of this familiar factual situation. We do not, however, write on a clean slate. In *Lockert v. Lockert*, 116 N.C. App. 73, 446 S.E.2d 606, *disc. review allowed*, 338 N.C. 311, 450 S.E.2d 487, *cert. allowed*, 338 N.C. 311, 450 S.E.2d 490 (1994), this Court answered the question raised by this appeal:

HARVEY v. STOKES

[137 N.C. App. 119 (2000)]

[I]f the court reporter fails to certify that the transcript has been delivered within the sixty-day period permitted by Appellate Rule 7(b), the thirty-five day period within which an appellant must serve the proposed record on appeal does not begin to run until the court reporter does certify delivery of the transcript. To hold otherwise would allow a delay by a court reporter, whether with or without good excuse, to determine the rights of litigants to appellate review. In this case, we hold that since Ms. Rorie [the court reporter] had not certified delivery of her portion of the transcript prior to the hearing on plaintiff's motion to dismiss the appeal, the defendant's thirty five day period to serve the record on appeal never began to run, and the trial court erred when it concluded that the defendant's time for serving his proposed record on appeal, and time for filing and docketing the record on appeal with this Court, had expired.

*Id.* at 81, 446 S.E.2d at 610. We followed the holding in *Lockert* in *Chamberlain v. Thames*, 131 N.C. App. 705, 509 S.E.2d 443 (1998), in which the majority of a divided panel considered itself bound by *Lockert* under the holding of *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 36 (1989) (one panel of the Court of Appeals may not overrule another panel).

Both this Court and our Supreme Court have stated that the Rules of Appellate Procedure are "mandatory," and that failure to take timely action as required by the Rules may subject an appeal to dismissal. *Craver v. Craver*, 298 N.C. 231, 236, 258 S.E.2d 357, 361 (1979). In *Craver*, the trial court settled the record on appeal as required by the appellate rules. Defendant appellant, however, did not obtain the clerk's certification of the record within 10 days of the settlement, nor did defendant file the settled record on appeal in this Court within the time set out in the Rules. Thus, our Supreme Court held in *Craver* that the trial court properly dismissed defendant's appeal and this Court erred in considering the merits of defendant's appeal. *Id.* at 236, 258 S.E.2d at 361. In *Craver*, dismissal was proper because the appellant failed to take action required by the appellate rules and was not otherwise prevented from complying with the rules by the action or inaction of some third party.

Defendant relies on four of our decisions in which the Rules of Appellate Procedure were strictly construed and applied. However, none of the cases (all of which predate *Lockert*) involved the dismissal of an appeal because of the failure of the court reporter to deliver a transcript. *See Woods v. Shelton*, 93 N.C. App. 649, 379

S.E.2d 45 (1989) (appellant tendered proposed record on appeal 139 days after notice of appeal in violation of Rule 11(b)); *McGinnis v. McGinnis*, 44 N.C. App. 381, 261 S.E.2d 491 (1980) (appellant failed to tender a proposed record on appeal in apt time or secure an extension of time to do so); *Byrd v. Alexander*, 32 N.C. App. 782, 233 S.E.2d 654 (1977) (appellant did not file the record on appeal within 10 days of certification of the record on appeal by the clerk); and *Ledwell v. County of Randolph*, 31 N.C. App. 522, 229 S.E.2d 836 (1976) (failure of appellant to obtain clerk's certification within 10 days of settlement of record on appeal justified dismissal of appeal).

Here, the trial court found good cause to deny defendant's motion to dismiss plaintiff's appeal. Based on our holding in *Lockert*, we cannot say that the trial court abused its discretion in doing so. However, we stress that, when a court reporter fails to deliver a transcript within the time allowed by the appellate rules, the better practice is that appellant request an extension of time from the appropriate court. In appellant's application for additional time, he should set forth the reasons for the reporter's delay in delivering the transcript and the probable date of delivery. The initial application for an extension of time to produce the transcript is made to the trial court, which "in its discretion, and for good cause shown" may extend the time for production of the transcript an additional 30 days. N.C.R. App. P. 7(b)(1). Subsequent motions for extension of time to produce the transcript "may *only* be made to the appellate court to which appeal has been taken." *Id.* (emphasis added). We are aware, as are the trial courts, that our court reporters face increasing, and sometimes conflicting, demands on their time. Documentation by the court reporter, through an affidavit or verified motion, of the reasons for non-production of an ordered transcript will help inform the decision of a trial court or this Court when considering an appellee's motion to dismiss based on a violation of the appellate rules. Further, when motions for extension of time are supported by documentation regarding the court reporter's failure to timely deliver an ordered transcript, it is easier for a court which is deciding a motion to dismiss an appeal, to determine whether appellant has contributed to the delay in preparation of a proposed record on appeal.

Finally, it would be better practice for the trial court to set out facts which support its determinations that "good cause" exists both for appellant's failure to request extensions of time, and for appellant's failure to file a proposed record on appeal within the allotted time. However, in this case, even assuming that the trial court's order

was incomplete or unsupported by the evidence of record, we find no error prejudicial to the defendant appellee. Therefore, the decision of the trial court which denied defendant's motion to dismiss plaintiff's appeal is affirmed.

Affirmed.

Chief Judge EAGLES and Judge McGEE concur.