CHERYL SMITH LOCKERT, PLAINTIFF v. CHARLES RAY LOPEZ LOCKERT, DEFENDANT

No. 9319DC782

(Filed 16 August 1994)

1. **Judges, Justices, and Magistrates § 1 (NCI4th)— temporary assignment of district court judge—commission not for one day only**

   A commission issued by the Chief Justice transferring a district court judge to another district for "one day, or until the business is disposed of" did not authorize the judge to conduct only a one day session of court but assigned him to the district until matters before him were concluded. N.C. Const. Art. IV, § 11.

   **Am Jur 2d, Judges § 26.**

LOCKERT v. LOCKERT

[116 N.C. App. 73 (1994)]

2. **Judges, Justices, and Magistrates § 1 (NCI4th)— temporary assignment of district court judge—commission signed after case began**

A commission issued by the Chief Justice temporarily assigning a district court judge to another district was not invalid for an equitable distribution case because it was signed on 13 September 1990 and the judge initially presided over preliminary matters in the case on 11 September 1990 since the written commission itself did not endow the judge with jurisdiction or authority to hear the case but merely memorialized the judge's assignment to the district.

Am Jur 2d, Judges § 26.

3. **Judges, Justices, and Magistrates § 1 (NCI4th)— temporary assignment of district court judge—applicability to later trial**

A commission issued by the Chief Justice assigning a judge to another district "to begin on September 11, 1990 and continue one day, or until the business is disposed of" authorized the judge to preside over the actual trial of an equitable distribution proceeding in November 1990 where the judge initially presided over preliminary matters in the case on 11 September 1990, since the commission was still effective for the purpose of disposing of the business for which the judge was initially assigned.

Am Jur 2d, Judges § 26.

4. **Judges, Justices, and Magistrates § 1 (NCI4th)— temporary assignment of district court judge—exceptional case finding not required**

A commission issued by the Chief Justice assigning a district court judge to another district to hear an equitable distribution case was not required to contain a finding that the case was "exceptional" to be valid.

Am Jur 2d, Judges § 26.

5. **Judgments § 36 (NCI4th)— dismissal of appeal—order signed outside county, out of district, out of session—consent by parties**

The trial court's dismissal of defendant's appeal from an equitable distribution judgment was not void because it was signed outside the county, out of district, and out of session, since there

was abundantly clear indication of consent on the record to the trial court's hearing the matter outside the county and entering its ruling outside the district and out of session.

**Am Jur 2d, Judges §§ 58 et seq.**

6. **Appeal and Error § 368 (NCI4th)— transcript not certified by reporter—time for serving proposed record on appeal not expired—dismissal of appeal error**

Since a court reporter did not certify delivery of her portion of a transcript prior to the hearing on plaintiff's motion to dismiss the appeal for failure timely to serve a proposed record on appeal, the defendant's 35-day period to serve the record on appeal never began to run, and the trial court erred when it concluded that defendant's time for serving his proposed record on appeal and the time for filing and docketing the record on appeal with the Court of Appeals had expired. N.C.R. App. P. 7(b), 11(a).

**Am Jur 2d, Appeal and Error §§ 415, 416.**

Appeal by defendant from order entered 2 June 1993 by Judge William M. Neely in Rowan County District Court. Heard in the Court of Appeals 15 April 1994.

Plaintiff commenced this action on 21 September 1987, seeking an absolute divorce and an equitable distribution of the marital property. Judgment was entered on 29 October 1987 granting plaintiff's claim for absolute divorce and reserving plaintiff's claim for equitable distribution.

Because all of the district court judges within Judicial District 19-C had some personal knowledge of the parties and/or the facts of the case, the Chief District Court Judge requested the Chief Justice to assign a judge from outside the district to conduct the equitable distribution trial. The Chief Justice issued a commission for Judge Neely "to preside over a session or sessions of District Court in Judicial District Nineteen C, to begin on, September 11, 1990, and continue one day, or until the business is disposed of." The commission was memorialized in writing and signed by Chief Justice Exum on 13 September 1990.

On 11 September 1990, the parties appeared before Judge Neely in Judicial District 19-C for an initial hearing concerning the scheduling of pre-trial hearings and pre-trial motions. The equitable distribution trial began on 19 November 1990 and ended on 13 December

1990. The proceedings were recorded by three separate court reporters. The equitable distribution judgment was signed by Judge Neely on 1 December 1992 and filed in Rowan County on 22 December 1992. Both plaintiff and defendant filed notice of appeal. Defendant, through counsel, contracted with the three court reporters for the preparation of the trial transcripts of the proceedings on 31 December 1992. Plaintiff did the same on 4 January 1993. Two of the three court reporters certified delivery of their transcripts by 7 March 1993, however, the third court reporter, Nancy Rorie, did not certify delivery of her portion of the transcript until 9 July 1993. On 26 April 1993, plaintiff filed a motion to dismiss the appeals on the grounds that the record on appeal had not been timely settled. Defendant thereafter moved for an order directing Ms. Rorie to prepare and deliver the transcript and permitting the parties to settle the record after delivery of the transcript.

Plaintiff's motion to dismiss was heard before Judge Neely on 20 May 1993. Judge Neely reserved his ruling until 26 May 1993, when he indicated to counsel that he would grant plaintiff's motion to dismiss the appeal. Defendant's subsequent motion, filed in this Court, for an extension of time for Ms. Rorie to prepare and deliver her portion of the transcript of the proceedings was denied by order dated 1 June 1993. On 2 June 1993, Judge Neely signed, in Randolph County, the order dismissing both appeals, and filed such order in Rowan County. Defendant filed notice of appeal from the order dismissing his original appeal.

*Morrow, Alexander, Tash & Long, by John F. Morrow and Daniel A. Landis, for plaintiff-appellee.*

*Douglas, Ravenel, Hardy, Crihfield & Moseley, by G.S. Crihfield and David W. McDonald, for defendant-appellant.*

MARTIN, Judge.

By five assignments of error, defendant contends (1) that the trial court lacked jurisdiction over this equitable distribution case because the commission which assigned Judge Neely to this case is defective, (2) that the order dismissing defendant's appeal is void since it was entered out of term, out of session, and out of county, and (3) that the trial court improperly dismissed defendant's original appeal from the equitable distribution judgment.

Initially, defendant argues that the equitable distribution judgment dated 1 December 1992 and the order dismissing defendant's

**LOCKERT v. LOCKERT**

[116 N.C. App. 73 (1994)]

appeal dated 2 June 1993 are void because Judge Neely did not have proper jurisdiction to hear or decide these matters. According to his argument, Judge Neely did not have jurisdiction because the commission by which he was purportedly assigned to Judicial District 19-C is invalid for three separate reasons: that the commission which the Chief Justice issued granted only a one day commission to Judge Neely, that the commission was insufficient since it was made retroactively, and that the wrong commission was issued. We find no merit in these contentions.

Article IV, § 11 of the North Carolina Constitution provides in pertinent part: "[t]he Chief Justice of the Supreme Court, acting in accordance with rules of the Supreme Court, . . . may transfer District Judges from one district to another for temporary or specialized duty." The written commission issued by the Chief Justice states:

To the Honorable WILLIAM M. NEELY

One of the REGULAR Judges of the District Court of North Carolina, Greeting:

As Chief Justice of the Supreme Court of North Carolina, by virtue of authority vested in me by the Constitution of North Carolina, and in accordance with the laws of North Carolina and the rules of the Supreme Court, I do hereby find that the public interest requires, and therefore I do hereby assign and commission you to preside over a session or sessions of District Court in Judicial District NINETEEN C, to begin on, September 11, 1990 and continue ONE DAY, or until the business is disposed of.

In Witness Whereof, I have hereunto signed my name as Chief Justice of the Supreme Court of North Carolina on this day, SEPTEMBER 13, 1990. [Signed] Chief Justice James G. Exum, Jr.

[1] Defendant argues initially that the commission was authorization for Judge Neely to conduct only a one day session of court. This reading of the commission is too narrow and is incorrect. The commission clearly states that Judge Neely was assigned to Judicial District 19-C for the period of "one day **or until the business is disposed of.**" Thus, until the proceedings in the matter before Judge Neely were concluded, he remained properly assigned to Judicial District 19-C for the purpose of conducting them. To hold otherwise would deny the clear and explicit meaning of the commission.

**[2]**  Defendant further contends that, because the order is dated 13 September 1990 and Judge Neely initially presided over preliminary matters in the case on 11 September 1990, the commission is in effect a retroactive one which could not breathe jurisdiction into a hearing completed prior to its issuance. However, assignments are often issued orally by the Chief Justice and subsequently memorialized by written commission. A commission issued pursuant to N.C. Const. Art. IV, § 11 "does not [by itself] endow the judge with jurisdiction, power, or authority . . . . The commission so issued merely manifests that such judge has been duly assigned pursuant to our Constitution to preside over such session of court." *State v. Eley*, 326 N.C. 759, 764, 392 S.E.2d 394, 397 (1990).

**[3]**  Even so, defendant asserts that Judge Neely had no commission to preside in Judicial District 19-C in November 1990, when the actual trial of the equitable distribution action began. Defendant relies on an affidavit of Dallas Cameron, Assistant Director of the Administrative Office of the Courts, which states that "[d]uring the month of November, 1990, there do not appear to be any records of assignments, commissions, or transfers of the Honorable William M. Neely, Chief District Judge, District Court Judicial District 19B to preside over the district court in District Court Judicial District 19C." However, no additional assignment for the month of November was necessary because the commission issued in September was still effective for the purpose of disposing of the business for which Judge Neely was initially assigned.

**[4]**  Defendant also argues that the commission issued by the Chief Justice did not contain the specific finding that this case had been designated an "exceptional" case as provided by § 2.1(a) of the General Rules of Practice in the District and Superior Courts. Defendant cites no authority to support his argument that such a finding is required. Our Constitution "only directs that the Chief Justice make such assignments, the method of so doing is left to the Chief Justice and the Supreme Court." *Eley, supra.* We hold that the commission utilized in this case is sufficient and that Judge Neely had proper jurisdiction when he signed both the equitable distribution judgment dated 1 December 1992 and the order dismissing defendant's appeal dated 2 June 1993.

**[5]**  By his next argument, defendant contends that the order dismissing defendant's appeal from the equitable distribution judgment is void because it was signed outside the county, out of district, and

out of session. In *Nationwide Mutual Ins. Co. v. Anderson*, 111 N.C. App. 248, 431 S.E.2d 552 (1993), this Court held that in order for a trial court to render a judgment out of county and out of session the trial court must have either the express consent of the parties, recorded the fact of consent for the record, or there must be a clear indication of consent in the record. In the record on appeal in this case, the parties have stipulated "[t]hat at the end of the trial in Rowan County and on each subsequent hearing and entry of order in this matter counsel stated that orders in this case could be entered out of term, out of session and out of county." Moreover, in the hearing on plaintiff's motion to dismiss held in Randolph County on 20 May 1993, the court inquired into the parties consent to conducting the hearing out of forum and out of session:

THE COURT: I assume by your appearance that I need to clarify before—does anybody have any objection to hearing it in this forum, out of term and out of session for Rowan County?

Mr. Morrow: No, sir.

Mr. Crihfield: **No**.

Thus, there is an abundantly clear indication of consent on the record to the trial court's hearing the matter outside Rowan County and entering its ruling outside the district and out of session. Defendant's assignments of error based upon lack of jurisdiction are overruled.

[6] Next, defendant contends that the trial court improperly dismissed defendant's original appeal. Defendant argues that the trial court erred when it found as fact and concluded as a matter of law that defendant's time to perfect his appeal had expired by 20 May 1993, and, in addition, that the trial court's order dismissing the appeal is insufficient because it does not make the requisite finding under N.C.R. App. P. 25 that defendant failed to take some action necessary to present his appeal.

The trial court concluded that defendant's time for serving his proposed record on appeal on plaintiff had expired. The order dismissing defendant's appeal states:

that as the defendant's time for serving his proposed record on appeal has expired, and as plaintiff's time for serving her proposed record on appeal has expired, and as neither party has served a proposed record of case on appeal, and as the time for filing and docketing the record of case on appeal with the North

Carolina Court of Appeals has expired, and as this trial Court does not have authority to grant any extensions of time, the plaintiff's motion to dismiss appeals herein should be granted.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff's motion to dismiss appeals be and is hereby granted and the plaintiff's appeal and defendant's appeal be and are hereby dismissed.

Rule 11 of the North Carolina Rules of Appellate Procedure provides the time frame within which an appellant must serve a proposed record on appeal. Section (a) and (b) provide in pertinent part:

Settling the Record on Appeal

(a) By Agreement. **Within 35 days after the reporter's certification of delivery of the transcript, if such was ordered** (70 days in capitally tried cases), or 35 days after filing of the notice of appeal if no transcript was ordered, the parties may by agreement entered in the record on appeal settle a proposed record on appeal prepared by any party in accordance with Rule 9 as the record on appeal. (Emphasis added.)

(b) By Appellee's Approval of Appellant's Proposed Record on Appeal. If the record on appeal is not settled by agreement under Rule 11(a), the appellant shall, within the same times provided, serve upon all other parties a proposed record on appeal constituted in accordance with the provisions of Rule 9 . . .

The record in this case was not settled by agreement. Thus, according to Appellate Rule 11(b), defendant, as appellant, was required to serve a proposed record on appeal within the times provided under Rule 11(a). Since a transcript was ordered, defendant had thirty-five days from the date of the court reporter's certification of delivery of the transcript in which to serve plaintiff with a proposed record on appeal. The evidence clearly establishes and the court found as fact that Ms. Rorie had not delivered her portion of the transcript by 20 May 1993.

Defendant argues that, because the third court reporter did not certify delivery of her transcript prior to the hearing on the motion to dismiss, the time within which defendant was required to serve his proposed record on appeal on plaintiff never began to run. Plaintiff argues that because the court reporter did not certify delivery of her portion of the transcript within the sixty days as required by Appel-

**LOCKERT v. LOCKERT**

[116 N.C. App. 73 (1994)]

late Rule 7(b) and did not obtain an extension of time to do so, the thirty-five days allowed for service of the proposed record on appeal by Rule 11(a) began to run on the day the time expired for the court reporter to certify delivery of the transcript. In this case plaintiff argues that the sixty-day time period within which Ms. Rorie was required to certify delivery of transcript expired by 5 March 1993, and that the time within which defendant was permitted to serve the proposed record on appeal had expired thirty-five days thereafter.

Rule 11(a) of the Rules of Appellate Procedure explicitly provide that the time in which the record of a case on appeal must be filed runs from the date of the court reporter's certification of delivery of the transcript. Thus, we hold that if the court reporter fails to certify that the transcript has been delivered within the sixty-day period permitted by Appellate Rule 7(b), the thirty-five day period within which an appellant must serve the proposed record on appeal does not begin to run until the court reporter does certify delivery of the transcript. To hold otherwise would allow a delay by a court reporter, whether with or without good excuse, to determine the rights of litigants to appellate review. In this case, we hold that since Ms. Rorie had not certified delivery of her portion of the transcript prior to the hearing on plaintiff's motion to dismiss the appeal, the defendant's thirty-five day period to serve the record on appeal never began to run, and the trial court erred when it concluded that defendant's time for serving his proposed record on appeal, and the time for filing and docketing the record on appeal with this Court, had expired.

Defendant also asserts that in order to dismiss his appeal, the trial court was required to find that defendant had failed to take some action necessary to present the appeal. Pursuant to N.C.R. App. P. 25(a), an appeal may be dismissed for failure to take any action required to present such appeal. Rule 25(a) states:

Penalties for Failure to Comply with Rules

Failure of Appellant to Take Timely Action. If after giving notice of appeal from any court, commission, or commissioner the appellant shall fail within the times allowed by these rules or by order of court to take any action required to present the appeal for decision, the appeal may on motion of any other party be dismissed . . . .

The trial court based its order dismissing defendant's appeal upon defendant's failure to serve a proposed record on appeal upon plain-

tiff by the date of the order. Since we have already determined that the time period within which the proposed record on appeal was required to be served had not begun to run in this case because Ms. Rorie had not certified delivery of her portion of the transcript, this finding was in error.

The trial court's order dismissing the appeal in this case is reversed. Defendant shall cause the record on appeal to be settled and docketed as provided by the Rules of Appellate Procedure as though certification of delivery of the transcripts by the court reporters had taken place on the date the mandate of this Court in this matter is issued to the clerk of the trial tribunal.

Reversed.

Judges COZORT and ORR concur.