ELIZABETH ANN REECE, Plaintiff v. GLENN SMITH, Administrator of the Estate
of ROBERT NEIL SMITH, Defendant

No. COA07-368

(Filed 5 February 2008)

**Statutes of Limitation and Repose— relation back—amended
complaint filed after statute of limitations expired**

The trial court did not err in a negligence case arising out of
a motor vehicle accident by granting defendant's motion to dis-
miss under N.C.G.S. § 1A-1, Rule 12 based on plaintiff's failure to
file the amended complaint within the three-year statute of limi-
tations under N.C.G.S. § 1-52(16), because: (1) the estate admin-
istrator was not served until after the statute of limitations had
expired, and there was no indication of any subterfuge or delay
by him which prevented plaintiff from amending the complaint
prior to the expiration of the statute of limitations; and (2) the
key to relation back to the date of the original filing of a com-
plaint is notice to defendant, and the proper individual was not
put on notice of the lawsuit when no one was served within the
statute of limitations.

Appeal by plaintiff from order entered 27 February 2007 by Judge
Mark E. Powell in Superior Court, Buncombe County. Heard in the
Court of Appeals 18 October 2007.

*Kelly & Rowe, P.A. by James Gary Rowe for Plaintiff-Appellant.*

*Cogburn & Brazil, P.A. by Jennifer N. Foster for Defendant-
Appellee.*

STROUD, Judge.

The trial court granted defendant's motion to dismiss because
plaintiff's amended complaint was not filed within the statute of lim-
itations. Plaintiff appeals. The dispositive question before this Court
is whether plaintiff's amended complaint should relate back to the
date of her initial complaint. For the following reasons, we affirm.

I. Background

On or about 2 April 2003, plaintiff was driving a 1995 Ford mo-
tor vehicle east on RP 1338 in Buncombe County, North Carolina.
At the same time, defendant Robert Neil Smith ("Robert") was driv-

ing a 1990 Mazda motor vehicle in a northwestern direction on RP 1357 in Buncombe County, North Carolina. Plaintiff alleged Robert negligently attempted to make a left turn onto RP 1338 and the vehicles collided.

On 31 March 2006, plaintiff filed a complaint against Robert alleging Robert's negligence was the proximate cause of her personal injuries and requesting damages in excess of $10,000.00. Robert could not be served because he had died on 30 March 2005. Glenn Smith, Robert's administrator ("Glenn"), claimed that an estate file on behalf of Robert had been opened, appropriate notice had been sent to creditors, and the estate had closed in November of 2005. On 11 April 2006, plaintiff filed an amended complaint against "Glenn Smith, Administrator of the Estate of Robert Neil Smith" with the same claims of personal injury due to Robert's negligence. On 13 April 2006, the summons and amended complaint was served on Rosalee Smith at Glenn's residence.

In his 4 May 2006 answer, Glenn moved to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12 because the action was not brought against the estate of Robert within the three-year statute of limitations. A hearing on the motion was held in Superior Court, Buncombe County, and on 27 February 2007 the trial court granted the motion to dismiss because

> Plaintiff's action was not commenced against the Estate of Robert Neil Smith prior to the expiration of the Statute of Limitations and, further, that Glenn Smith, the Administrator of the Estate of Robert Neil Smith, was not served with the Summons and Complaint prior to the expiration of the Statute of Limitations[.]

Plaintiff appeals.

## II.  Statute of Limitations

Plaintiff assigns error to the trial court's dismissal of her complaint. It is uncontested that plaintiff's cause of action has a three-year statute of limitations. *See* N.C. Gen. Stat. § 1-52(16) (2005). "A cause of action based on negligence accrues when the wrong giving rise to the right to bring suit is committed[.]" *Harrold v. Dowd*, 149 N.C. App. 777, 781, 561 S.E.2d 914, 918 (2002). The "wrong giving rise to the right to bring suit [was] committed" on 2 April 2003. *See id.* Plaintiff filed her initial complaint on 31 March 2006, within the three-year statute of limitations. Plaintiff's amended complaint was not

filed until 11 April 2006, after the statute of limitations had run. Plaintiff argues that because the initial complaint against Robert was filed within the three-year statute of limitations period, the amended complaint should relate back to the initial filing date pursuant to N.C. Gen. Stat. § 1A-1, Rule 15(c).

We review a trial court's decision to dismiss an action based on the statute of limitations *de novo. Udzinski v. Lovin,* 159 N.C. App. 272, 273, 583 S.E.2d 648, 649 (2003), *aff'd,* 358 N.C. 534, 597 S.E.2d 703 (2004). "Ordinarily, a dismissal predicated upon the statute of limitations is a mixed question of law and fact. But where the relevant facts are not in dispute, all that remains is the question of limitations which is a matter of law." *See id.* "The statute of limitations having been pled, the burden is on the plaintiff to show that his cause of action accrued within the limitations period." *Crawford v. Boyette,* 121 N.C. App. 67, 70, 464 S.E.2d 301, 303 (1995), *cert. denied,* 342 N.C. 894, 467 S.E.2d 902 (1996).

North Carolina General Statute Section 1A-1, Rule 15(c) provides:

Relation back of amendments—A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C. Gen. Stat. § 1A-1, Rule 15(c) (2005).

Plaintiff argues this case is controlled by *Pierce v. Johnson,* 154 N.C. App. 34, 571 S.E.2d 661 (2002). In *Pierce,* the plaintiff was injured in a motor vehicle accident allegedly caused by the negligence of John Daniel Johnson ("John"). *Id.* at 35, 571 S.E.2d at 662. John died, and approximately a year after his death plaintiff attempted to serve him within the statute of limitations at his last known address. *Id.* at 35-36, 571 S.E.2d at 662. Roby Daniel Johnson ("Roby"), the executor of John's estate, accepted service by signing "Daniel Johnson". *Id.* at 36, 571 S.E.2d at 662. Counsel for the estate then engaged in discovery and settlement negotiations with plaintiff's counsel. *Id.* at 36, 571 S.E.2d at 663. Plaintiff alleged, only after the statute of limitations had expired, at the hearing on the motion to dismiss, that defense counsel revealed the fact that the named defendant, John, was deceased. *Id.* at 36-37, 571 S.E.2d at 663. Plaintiff made a motion to amend the original complaint to substitute the estate as

the defendant, which the trial court denied. *Id.* at 37, 571 S.E.2d at 663. Plaintiff appealed. *Id.* at 37, 571 S.E.2d at 663.

This Court reversed and remanded the case determining that "[plaintiff's] failure to plead the estate of John Daniel Johnson was a misnomer, and therefore, the trial court made an error in law by not permitting an amendment under Rule 15(c)." *Id.* at 37-45, 571 S.E.2d at 664-68. "A misnomer is a mistake in name; giving an incorrect name to the person in accusation, indictment, pleading, deed, or other instrument." *Id.* at 39, 571 S.E.2d at 665 (citation and internal quotations omitted). The Court relied on *Liss v. Seamark Foods*, which stated that "correction of a misnomer in a pleading is allowed even after the expiration of the statute of limitations provided certain elements are met." 147 N.C. App. 281, 286, 555 S.E.2d 365, 368-69 (2001). *Liss* also provided that

> [a]n amendment to correct a misnomer in the description of a party defendant may be granted after the expiration of the Statute of Limitations if (1) there is evidence that the intended defendant has in fact been properly served, and (2) the intended defendant would not be prejudiced by the amendment.

*Id.* at 286, 555 S.E.2d at 369 (citation and internal quotations omitted).

The Court in *Pierce* distinguishes its case from the case of *Crossman v. Moore*, a case we deem to be more factually on point with the case at bar. *Pierce*, 154 N.C. App. 34, 571 S.E.2d 661; *Crossman*, 341 N.C. 185, 459 S.E.2d 715 (1995). In *Crossman*, plaintiff brought a cause of action for personal injury arising out of a motor vehicle accident against Van Dolan Moore (hereinafter referred to as "Moore I") and Dolan Moore Company, Inc. within the three-year statute of limitations. 341 N.C. at 186, 459 S.E.2d at 716.

Moore I moved for summary judgment because his son, Van Dolan Moore, II ("Moore II") was the driver involved in the accident. *Id.* Plaintiff moved the court to allow her to amend her complaint to make Moore II a defendant and to have her amended complaint relate back to the filing of her original complaint. *Id.* The trial court granted Moore I's summary judgment motion, allowed plaintiff to amend her complaint, but denied plaintiff's motion for her amended complaint to relate back to the date of filing the original complaint. *Id.*

Plaintiff appealed the denial of her motion. *Id.* at 186, 459 S.E.2d at 716-17. This Court affirmed the trial court's decision. *Id.* at 186, 459

S.E.2d at 717. The North Carolina Supreme Court also affirmed determining that

> the resolution of this case may be had by discerning the plain meaning of the language of [North Carolina General Statute Section 15(c)]. . . . When the amendment seeks to add a party-defendant or substitute a party-defendant to the suit, the required notice cannot occur. As a matter of course, the original claim cannot give notice of the transactions or occurrences to be proved in the amended pleading to a defendant who is not aware of his status as such when the original claim is filed. We hold that [North Carolina General Statute Section 15(c)] does not apply to the naming of a new party-defendant to the action. It is not authority for the relation back of a claim against a new party.

*Id.* at 187, 459 S.E.2d at 717.

Plaintiff in this case argues her error in naming Robert, the decedent, as defendant instead of his estate was a mere misnomer, as in *Pierce. See Pierce* at 37, 571 S.E.2d at 664. However, the distinguishing fact between *Pierce* and this case is that here no one was actually served with the summons and complaint before the statute of limitations expired. *Id.* at 36, 571 S.E.2d at 662. In *Pierce*, unlike the present case, the proper legal representative of the estate was actually served within the statute of limitations. *Id.* We also note that in *Pierce*, the decedent's personal representative signed for service of the summons and complaint about five months before expiration of the statute of limitations with what appeared to be the name of the decedent and waited until after the statute of limitations had run to reveal to the plaintiff that the named defendant was deceased. *See id.* at 36-37, 571 S.E.2d at 662. In the case at bar, Glenn, the estate administrator, was not served until after the statute of limitations had expired, and there is no indication of any subterfuge or delay by him which prevented plaintiff from amending the complaint prior to the expiration of the statute of limitations.

Key to the holding in *Crossman* for relation back to occur is notice to the defendant. *See Crossman* at 187, 459 S.E.2d at 717; *see also Liss* at 285-86, 555 S.E.2d at 368. Here, no one was served within the statute of limitations so it is evident that the proper individual was not put on notice of the lawsuit, as was the case in *Pierce. See Pierce* at 36, 571 S.E.2d at 662. Without notice to the proper party, plaintiff's amended complaint does not relate back to the date of the

original filing of the complaint. *See Crossman* at 187, 459 S.E.2d at 717. Accordingly, this assignment of error is overruled.

## III. Conclusion

The trial court properly granted Glenn's motion to dismiss as the rule of relation back does not apply and the amended complaint was not filed until after the statute of limitations had expired. Therefore, we affirm.

AFFIRMED.

Judges TYSON and JACKSON concur.