SHIRLEY HARDY LAWRENCE, Plaintiff v. SOPHIA MINDY SULLIVAN, Defendant

No. COA07-1496

(Filed 16 September 2008)

1. **Appeal and Error— appellate rules violations—failure to arrange for transcription of proceedings—failure to have transcript within sixty days—failure to seek extension of time**

The trial court abused its discretion in a negligence case arising out of an automobile accident by granting defendant's motion to dismiss based on a violation of N.C. R. App. P. 7 for plaintiff's failure to arrange for the transcription of the proceedings, failure to have the transcript produced within sixty days following documentation of the transcript arrangement, and subsequent failure to seek an extension of time in which to produce the transcript, because: (1) these grounds were not presented to the trial court in defendant's motion to dismiss plaintiff's appeal, but the motion was instead based on N.C. R. App. P. 11 regarding the time for filing the record on appeal; (2) the grounds upon which the trial court dismissed plaintiff's appeal are contrary to existing law when our Supreme Court has stressed that a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal and only the most egregious violations of nonjurisdictional rules will require dismissal; (3) there was no evidence in the record to support a finding that plaintiff altogether failed to arrange for the transcription of the proceeding; (4) there was no evidence that the failure to have the transcript produced within sixty days was the fault of plaintiff, and the court reporter's failures cannot automatically be attributed to plaintiff; and (5) failing to seek an extension of time in which to produce the transcript was not a valid reason to dismiss plaintiff's appeal.

**2. Appeal and Error— appellate rules violations—failure to serve proposed record on appeal within thirty-five days of filing notice of appeal**

The trial court abused its discretion in a negligence case arising out of an automobile accident by granting defendant's motion to dismiss based on a violation of N.C. R. App. P. 11 for plaintiff's failure to serve a proposed record on appeal on appellee within thirty-five days of filing a notice of appeal, and the order is vacated, because: (1) the thirty-five day period does not begin to run until the court reporter certifies delivery of the transcript; (2) plaintiff's thirty-five days did not expire until 16 August 2007, as delivery was not certified until 12 July 2007; and (3) defendant's motion was untimely as to the requested grounds for dismissal since it stated defendant had not been served with plaintiff's proposed record on appeal on or about 13 June 2007, which was prior to the court reporter's certification of delivery of the transcript.

**3. Statutes of Limitation and Repose— tolling—automobile accident—rebuttable presumption of valid service**

The trial court did not err in a negligence case arising out of an automobile accident by dismissing plaintiff's claims because: (1) the pertinent automobile accident occurred on 16 February 2002, and thus plaintiff had until 17 February 2005 to file her complaint; (2) defendant rebutted plaintiff's presumption of valid service, and plaintiff thereafter failed to bring forth any evidence to show that her cause of action accrued within the limitations period; (3) plaintiff's voluntary dismissal without prejudice did not toll the statute of limitations since defendant was never properly served with the first complaint; and (4) plaintiff did not refile her action until 29 September 2006, which was after the statute of limitations expired.

Appeal by plaintiff from orders entered on 2 March 2007 by Judge Henry W. Hight, Jr. in Superior Court, Durham County and on 20· August 2007 by Judge Orlando F. Hudson, Jr. in Superior Court, Durham County. Heard in the Court of Appeals 9 June 2008.

*William L. Davis, III, for plaintiff-appellant.*

*Teague Rotenstreich Stanaland Fox & Holt, LLP by Paul A. Daniels, for defendant-appellee.*

**LAWRENCE v. SULLIVAN**

[192 N.C. App. 608 (2008)]

STROUD, Judge.

Plaintiff appeals from trial court orders granting defendant's motion to dismiss plaintiff's appeal and granting defendant's motion to dismiss plaintiff's claims. The issues before this Court are whether the trial court erred in (1) granting defendant's motion to dismiss plaintiff's appeal and (2) granting defendant's motion to dismiss plaintiff's claims. For the following reasons, we vacate the trial court order dismissing plaintiff's appeal and affirm the trial court order dismissing plaintiff's claims.

## I. Background

This action arises out of an automobile accident which occurred on or about 16 February 2002 when defendant's vehicle hit the rear of plaintiff's vehicle. On 8 February 2005, plaintiff filed her first complaint which alleged that defendant's negligence caused the automobile accident and plaintiff's resulting personal injury. On or about 8 February 2005, a civil summons was issued addressed to defendant at "10200 Jefferson Davis Hwy, Lot 52, Richmond, VA 23237[.]" On or about 29 March 2005, plaintiff's attorney filed an affidavit which read in pertinent part, "The process was returned unserved[.]" Attached to the affidavit was a copy of the returned receipt. The envelope was stamped, "ATTEMPTED NOT KNOWN[.]"

On or about 7 April 2005, plaintiff had an alias and pluries summons issued to defendant at the same address. On 5 October 2005 at 1:51 p.m., plaintiff's attorney filed a second affidavit which asserted that the process was in fact received. Attached to the second affidavit was a return receipt signed by James Holt. On the same day, at 1:57 p.m. plaintiff filed a motion to voluntarily dismiss the action without prejudice.

On 29 September 2006, plaintiff re-filed her complaint alleging the same claims as in the original complaint. On 13 November 2006, defendant filed an answer, alleging several defenses. On 4 January 2007, defendant filed a motion to dismiss plaintiff's action for "lack of jurisdiction over the Defendant, insufficiency of process and insufficiency of service of process pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the North Carolina Rules of Civil Procedure[.]" Defendant also filed an affidavit which read in pertinent part,

SOPHIA MINDY SULLIVAN, after first being duly sworn, deposes and says:

. . . .

LAWRENCE v. SULLIVAN

[192 N.C. App. 608 (2008)]

3. That James Holt signed the certified mail containing the Civil Summons and Complaint;

4. That she did not reside at the 10200 Jefferson Davis Highway, Lot 52, Richmond VA 23237 address on May 20, 2005;

5. That she did not receive a copy of the Civil Summons and Complaint that was signed by James Holt on May 20, 2005.

On 2 March 2007, the trial court granted defendant's motion to dismiss plaintiff's action with prejudice for "lack of jurisdiction over the Defendant, insufficiency of process and insufficiency of service of process pursuant to Rules 12(b)(2), 12(b)(4) and 12 (b)(5) of the North Carolina Rules of Civil Procedure, and time barred pursuant to North Carolina General Statute § 1-52(5)[.]"

On 29 March 2007, plaintiff filed a notice of appeal from the order of dismissal. On or about 13 June 2007, defendant made a motion to dismiss plaintiff's appeal pursuant to Rules 11 and 25 of the North Carolina Rules of Appellate Procedure because

3. Rule 11 of the North Carolina Rules of Appellate Procedure provides that an appealing party must service [sic] a proposed record on appeal on the appellee within 35 days of filing a notice of appeal. In this case, 35 days from the filing of Notice of Appeal was May 3, [2007,]

4. As of close of business on June 13, 2007, counsel for the Defendant had not been served with the Plaintiff's proposed record on appeal . . .;

5. Owing to the Plaintiff's failure to take any action to perfect her appeal, the Defendant respectfully requests that the Court dismiss the Plaintiff's appeal, as it is authorized to do under Appellate Rule 25.

The 13 June 2007 motion to dismiss was accompanied by an affidavit of defendant's attorney attesting to the facts in the motion requesting plaintiff's appeal be dismissed.

On 13 August 2007, plaintiff filed a response to defendant's motion to dismiss plaintiff's appeal which read in pertinent part,

3. That Rule 7 of the North Carolina Rules of Appellate Procedure provides that in civil actions the Appellant shall within fourteen (14) [days] after filing notice of appeal arrange for transcripts and other proceeding or of such parts from the proceed-

LAWRENCE v. SULLIVAN

[192 N.C. App. 608 (2008)]

ing not already filed as the Appellant deems necessary. Pursuant to Rule 7 of the North Carolina Rules of Appellate Procedure the Plaintiff-Appellant in compliance with Rule 14 attempted to arrange for the transcription of the hearing that was held on February 27, 2007 before the Henry W. Hight, Jr.; in support thereof shows as follows, attachments hereto:

a. On April 10, 2007, the attorney for the Plaintiff in compliance with the Rule tried to make arrangements for transcription of the hearing on the Defendant's Motion to Dismiss the Plaintiff's claim for February 27, 2007; (attachment A and B-1)

b. On April 10, 2007, the undersigned counsel for the Plaintiff was provided the email address of the Court Reporter, Kim Horstman at khorstman@nc.rr.com, sent a email requesting in a letter to make arrangements for transcription of the hearing; (attachment B)

c. On April 23, 2007, I contacted the Clerk's Office and spoke with Cathy Shuart in reference to attempting to make arrangements for the transcript of the hearing; (attachment D)

d. On April 24, 2007, Cathy Shuart, Trial Court Administrator of Durham County emailed Kim Horstman advising her of my attempts to make arrangement with her regarding the transcription and asking her to respond; (attachment D)

e. On April 24, 2007, the Court Reporter, Kim Horstman emailed Cathy Shuart, Trial Court Administrator that she was in receipt of my transcript request and that she would be contacting me separately to make arrangements; (attachment E)

f. On April 29, 2007, I again contacted the Trial Court Administrator, Cathy Shuart informing her that I had not heard from Kim Horstman, Court Reporter regarding the transcript request; (attachment F)

g. On April 30, 2007, Cathy Shuart, Trial Court Administrator emailed Kim Horstman informing her of my attempts to contact her and asking her was there a problem. (attachment G)

h. On April 30, 2007, Kim Horstman, Court Reporter by fax informed me of the fee arrangements for transcription and minimum deposit and that I needed to send her a short letter requesting such transcript with a deposit of $100.00 and she would have

sixty (60) days from receipt of the request to produce the transcript and may request an extension; (attachment H)

i. On May 1, 2007, the Plaintiff's attorney sent a letter to the Court Report[er], Kim Horstman requesting the transcript and included a check in the amount of $100.00 as per her request. I also requested that Ms. Horstman remit a contract agreement to prepare the transcript, as per Rule of Appellate Procedure, for my records; (attachment I)

j. That the Court Reporter, Kim Horstman did not provide a written contract for the preparation of the transcript as requested in my letter.

k. On June 21, 2007, Kim Horstman, Court Reporter emailed the undersigned counsel informing him that she would need an extension to prepare the transcript in the above referenced case; (attachment J)

4. Rule 7(b)(1) provides in civil cases from the date of the requesting party serves written documentation of transcript arrangements on the person designated to prepare the transcription that the person shall have sixty (60) days to prepare and deliver the transcript. That the Court Reporter, Kim Horstman did not deliver the typed transcription of the hearing that was held February 12, 2007, until July 12, 2007. (attachment K)

5. Rule 11 of the North Carolina Rules of Appellate Procedure provides sub-paragraph (a) that within thirty-five (35) days after the reporters transcription certification or delivery of the transcript, if such was ordered or thirty-five (35) [days] after the filing the notice of appeal, if [sic] not transcript was ordered the party may by agreement entered in the record on appeal and settle a proposed [record] on appeal[.]

6. That the undersigned counsel has requested a transcription of the hearing and did so and attempted to make arrangements and did without the Court Reporter providing any written contract, paid the $100.00 deposit as per her instructions. That pursuant to Rule 11(a) that the undersigned counsel for the Plaintiff has thirty-five (35) days from the date of certification of the delivery of the transcript of the hearing. (attachment B-1; I)

7. Based upon the Rule 11 of the North Carolina Rules of Appellate Procedure, the Plaintiff's time to prepare the proposed

record on appeal did not begin to run until July 12, 2007 and the time for preparing the proposed record on appeal has not expired as the date of this responses to the Plaintiff's Motion and that said thirty-five (35) days does not expire [sic] August 16, 2007, which would be thirty-five (35) days from the date of certification of the delivery of the transcript by the official court reporter, Kim Horstman.

8. Therefore, the Plaintiff has not failed to perfect the appeal and the time for perfecting the appeal has not expired and therefore the Court should dismiss the Defendant's Motion requesting the court to dismiss the Plaintiff's Appeal.

Attached to plaintiff's response to defendant's motion to dismiss plaintiff's appeal were several documents including letters and emails that substantiated the facts asserted in plaintiff's response.

On 20 August 2007, the trial court granted defendant's motion to dismiss plaintiff's appeal because plaintiff

fail[ed] to arrange for the transcription of the proceedings, and fail[ed] to have the transcript produced within sixty (60) days following documentation of the transcript arrangement pursuant to Rule 7 of the North Carolina Rules of Appellate Procedure, and subsequently fail[ed] to seek an extension of time in which to produce this transcript.

Plaintiff appeals.

## II. Dismissal of Appeal

Plaintiff argues

the trial court committed reversible error when it granted the defendant's motion to dismiss plaintiff's appeal based on alleged violation of Appellate Rules 7, and 11 of the North Carolina Rule of Appeal Procedures [sic] even though plaintiff's counsel substantially complied with the appellate rules by attempting to make arrangements for the transcription of the proceedings.

A motion to dismiss an appeal is a matter within the discretion of the trial court. *Harvey v. Stokes*, 137 N.C. App. 119, 124, 527 S.E.2d 336, 339 (2000). "It is well established that where matters are left to the discretion of the trial court, appellate review is limited to a determination of whether there was a clear abuse of discre-

tion." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citation omitted).[1]

A. North Carolina Rule of Appellate Procedure 7—Grounds Upon which Defendant's Motion to Dismiss Was Granted

**[1]** In this case, the trial court granted defendant's motion to dismiss plaintiff's appeal because plaintiff

> fail[ed] to arrange for the transcription of the proceedings, and fail[ed] to have the transcript produced within sixty (60) days following documentation of the transcript arrangement pursuant to Rule 7 of the North Carolina Rules of Appellate Procedure, and subsequently fail[ed] to seek an extension of time in which to produce this transcript.

However, these grounds were not presented to the trial court in defendant's motion to dismiss plaintiff's appeal; defendant instead based her motion on Rule 11 of the North Carolina Rules of Appellate Procedure, regarding the time in which to file the record on appeal. *See Viar v. N.C. Dep't. of Transp.*, 359 N.C. 400, 402 610 S.E.2d 360, 361 (2005) (noting that it is problematic to hear an appeal on issues not directly presented before the Court as it leaves an appellee "without notice of the basis upon which an appellate court might rule." (citation omitted)). Furthermore, the grounds upon which the trial court dismissed plaintiff's appeal are contrary to existing law. *See Harvey* at 123, 527 S.E.2d at 338-39; *Lockert v. Lockert*, 116 N.C. App. 73, 81, 446 S.E.2d 606, 609-10, *disc. review allowed in part and denied in part*, 338 N.C. 311, 450 S.E.2d 487 (1994).

Rule 7 of the North Carolina Rules of Appellate Procedure reads in pertinent part,

(a) *Ordering the transcript.*

(1) *Civil cases.* Within 14 days after filing the notice of appeal the appellant shall arrange for the transcription of the proceedings or of such parts of the proceedings not already on file,

---

1. In *Lockert v. Lockert*, a decision of this Court predating *Harvey*, this Court appears to afford no deference to the trial court and to use a *de novo* standard of review to determine whether a trial court erred in dismissing an appeal because "defendant's time to perfect his appeal had expired", *see Lockert v. Lockert*, 116 N.C. App. 73, 79-82, 446 S.E.2d 606, *disc. review allowed in part and denied in part*, 338 N.C. 311, 450 S.E.2d 487 (1994); however, we note that under either an abuse of discretion or *de novo* standard of review the outcome of the present case would be the same.

as the appellant deems necessary, in accordance with these rules, and shall provide the following information in writing: a designation of the parts of the proceedings to be transcribed; the name and address of the court reporter or other neutral person designated to prepare the transcript; and, where portions of the proceedings have been designated to be transcribed, a statement of the issues the appellant intends to raise on appeal. The appellant shall file the written documentation of this transcript arrangement with the clerk of the trial tribunal, and serve a copy of it upon all other parties of record, and upon the person designated to prepare the transcript. If the appellant intends to urge on appeal that a finding or conclusion of the trial court is unsupported by the evidence or is contrary to the evidence, the appellant shall file with the record on appeal a transcript of all evidence relevant to such finding or conclusion.

. . . .

(b) *Production and delivery of transcript.*

(1) In civil cases: from the date the requesting party serves the written documentation of the transcript arrangement on the person designated to prepare the transcript, that person shall have 60 days to prepare and deliver the transcript. . . .

The transcript format shall comply with Appendix B of these Rules. Except in capitally tried criminal cases which result in the imposition of a sentence of death, (t)he trial tribunal, in its discretion, and for good cause shown by the appellant may extend the time to produce the transcript for an additional 30 days. Any subsequent motions for additional time required to produce the transcript may only be made to the appellate court to which appeal has been taken. . . .

(2) The court reporter, or person designated to prepare the transcript, shall deliver the completed transcript to the parties, as ordered, within the time provided by this rule, unless an extension of time has been granted under Rule 7(b)(1) or Rule 27(c). The court reporter or transcriptionist shall certify to the clerk of the trial tribunal that the parties' copies have been so delivered, and shall send a copy of such certification to the appellate court to which the appeal is taken. The appealing party shall retain custody of the original transcript and shall transmit

the original transcript to the appellate court upon settlement of the record on appeal.

N.C.R. App. P. 7(a)(1), (b)(1)-(2).

In *Harvey*, the plaintiff "requested in writing that the court reporter furnish him a copy of the trial transcript." *Harvey* at 120, 527 S.E.2d at 337. The court reporter mailed the trial transcript to the plaintiff almost six full months after the written request had been made. *See id.* Defendant made a motion to dismiss plaintiff's appeal, which the trial court denied "finding good cause to excuse plaintiff's failure to move for an extension of time and good cause for the court reporter's failure to deliver the transcript in a timely fashion." *Id.* Defendant appealed. *Id.* The Court in *Harvey* noted,

> There is no explanation of the reporter's delay in the record. Plaintiff did not seek an extension of time from either the trial court or from this Court, and the record does not contain reasons for his failure to do so.

*See id.* at 122, 527 S.E.2d at 338.

Though not necessary to resolve the merits of the case, this Court addressed the defendant's appeal on the merits

> because it presents a recurring question of concern to the appellate bar of this state: what action, if any, must an appellant take to preserve the right of appeal when the court reporter does not transmit a copy of the trial transcript within the time mandated by the appellate rules?

*Id.*

In resolving the issue this Court quoted *Lockert v. Lockert* which determined that

> [i]f the court reporter fails to certify that the transcript has been delivered within the sixty-day period permitted by Appellate Rule 7(b), the thirty-five day period within which an appellant must serve the proposed record on appeal does not begin to run until the court reporter does certify delivery of the transcript. To hold otherwise would allow a delay by a court reporter, whether with or without good excuse, to determine the rights of litigants to appellate review. In this case, we hold that since Ms. Rorie[,] the court reporter[,] had not certified delivery of her portion of the transcript prior to the hearing on plaintiff's motion to dismiss the

appeal, the defendant's thirty[-]five day period to serve the record on appeal never began to run, and the trial court erred when it concluded that the defendant's time for serving his proposed record on appeal, and time for filing and docketing the record on appeal with this Court, had expired.

*See id.* at 123, 527 S.E.2d at 338-39 (brackets omitted) (quoting *Lockert v. Lockert,* 116 N.C. App. 73, 81, 446 S.E.2d 606, 610 (1994)).

"Both this Court and our Supreme Court have stated that the Rules of Appellate Procedure are 'mandatory' and that failure to take timely action as required by the Rules may subject an appeal to dismissal." *See id.* at 123, 527 S.E.2d at 339 (citation omitted). However, the North Carolina Supreme Court has also recently stressed that a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal. *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.,* 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008) (citation omitted). Thus, only in cases of the most egregious violations of nonjurisdictional rules will dismissal of the appeal be appropriate. *Id.* at 198-201, 657 S.E.2d at 365-67.

In the present case, plaintiff's attorney appears to have failed to "file the written documentation of this transcript arrangement with the clerk of the trial tribunal, and serve a copy of it upon all other parties of record[.]" *See* N.C.R. App. P. 7(a)(1). The record also contains no explanation of the court reporter's delay in producing the transcript. Plaintiff did not seek an extension of time from either the trial court or from this Court, and the record does not contain reasons for his failure to do so. However, we do not deem these nonjurisdictional failures on the part of plaintiff to be so egregious that they warrant dismissal of plaintiff's appeal, particularly in light of *Harvey. See Dogwood Dev. & Mgmt. Co., LLC* at 198-201, 657 S.E.2d at 365-67; *Harvey v. Stokes,* 137 N.C. App. 119, 527 S.E.2d 336. Therefore, we turn to the plain language of *Lockert,*

[I]f the court reporter fails to certify that the transcript has been delivered within the sixty-day period permitted by Appellate Rule 7(b), the thirty-five day period within which an appellant must serve the proposed record on appeal does not begin to run until the court reporter does certify delivery of the transcript.

*See Lockert* at 81, 446 S.E.2d at 610. We therefore conclude that though the plaintiff failed in some respects to abide by the North Carolina Rules of Appellate Procedure, the trial court did abuse its

discretion in granting defendant's motion to dismiss because (1) there is no evidence in the record to support that plaintiff altogether "failed to arrange for the transcription of the proceedings[;]" (2) there is no evidence that the "fail[ure] to have the transcript produced within sixty (60) days" was the fault of the plaintiff and pursuant to *Harvey* and *Lockert* the court reporter's failures cannot automatically be attributed to the plaintiff, *see Harvey* at 123, 527 S.E.2d at 338-39; *Lockert* at 81, 446 S.E.2d at 610, and (3) "fail[ing] to seek an extension of time in which to produce [the] transcript" is not a valid reason to dismiss plaintiff's appeal. *See Harvey* at 122-23, 527 S.E.2d at 338-39; *Lockert* at 80-81, 446 S.E.2d at 609-10. Therefore, the trial court erred in granting defendant's motion to dismiss based upon the legal grounds stated in its own order.

However, we again strongly stress to plaintiff's attorney the importance of following the appellate rules and urge him to remember that "when a court reporter fails to deliver a transcript within the time allowed by the appellate rules, the better practice is that appellant request an extension of time from the appropriate court." *See Harvey* at 124, 527 S.E.2d at 339.

B.  North Carolina Rule of Appellate Procedure 11—Grounds Upon Which Defendant's Motion to Dismiss was Based

**[2]** Defendant's 13 June 2007 motion to dismiss was actually based upon Rule 11 of the North Carolina Rules of Appellate Procedure, but under Rule 11, the trial court also could not have properly dismissed the appeal. *See Harvey* at 123, 527 S.E.2d at 338-39; *Lockert* at 81, 446 S.E.2d at 610. Defendant argued plaintiff had committed a rule violation by not "serv[ing] a proposed record on appeal on the appellee within 35 days of filing a notice of appeal" pursuant to North Carolina Rule of Appellate Procedure 11. However, *Lockert* is clear in stating that "the thirty-five day period within which an appellant must serve the proposed record on appeal *does not begin to run until the court reporter does certify delivery of the transcript.*" *See Lockert* at 81, 446 S.E.2d at 610. Plaintiff's thirty-five days within which she had to serve the proposed record on appeal did not expire until 16 August 2007 as delivery was not certified until 12 July 2007. *See* N.C.R. App. P. 11. Defendant filed her motion to dismiss plaintiff's appeal because "[d]efendant had not been served with the [p]laintiff's proposed record on appeal" on or about 13 June 2007, which was prior to the court reporter's certification of delivery of the transcript. Plaintiff had until 16 August 2007 to file the proposed record on appeal, so

defendant's motion was untimely. As the trial court abused its discretion on the grounds upon which it granted defendant's motion to dismiss and as defendant's motion was untimely as to the requested grounds for dismissal, we vacate the trial court order dismissing plaintiff's appeal.

### III.  Dismissal of Claims

**[3]** As we have determined that plaintiff's appeal is properly before this Court, we will examine the merits of plaintiff's original appeal regarding the trial court's dismissal of plaintiff's claims. Plaintiff argues,

> The trial judge committed reversible error when he granted the defendant's motion to dismiss all of plaintiff's claims in an action re-filed within one year after the plaintiff had taken a voluntary dismissal in the first action after she had submitted her affidavit of service of the summons and complaint on the defendant by certified mail.

We disagree.

> We review a trial court's decision to dismiss an action based on the statute of limitations *de novo*. Ordinarily, a dismissal predicated upon the statute of limitations is a mixed question of law and fact. But where the relevant facts are not in dispute, all that remains is the question of limitations which is a matter of law. The statute of limitations having been pled, the burden is on the plaintiff to show that his cause of action accrued within the limitations period.

*Reece v. Smith*, 188 N.C. App. 605, 607, 655 S.E.2d 911, 913 (2008) (internal citations and internal quotation marks omitted).

Rule 4 of the North Carolina Rules of Civil Procedure provides, in pertinent part,

> (j) Process—Manner of service to exercise personal jurisdiction.—In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:
>
> (1) Natural Person.—Except as provided in subsection (2) below, upon a natural person by one of the following:
>
> . . . .

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

N.C. Gen. Stat. § 1A-1, Rule 4.

In *Camara v. Gbarbera,* plaintiffs issued an alias and pluries summons that defendant never received. *Camara v. Gbarbera,* 191 N.C. App. 394, 395, 662 S.E.2d 920, 921 (2008). "[P]laintiffs [then] voluntarily dismissed their action against defendant without prejudice." *Id.* at 395, 662 S.E.2d at 921. Plaintiffs later re-filed their complaint outside of the statute of limitations, and "defendant filed a motion to dismiss for insufficiency of process, insufficiency of service of process, and because the statute of limitations had expired." *Id.* at 395, 662 S.E.2d at 921-22. The trial court granted defendant's motion to dismiss, and the plaintiffs appealed. *Id.* at 395, 662 S.E.2d at 921.

This Court affirmed the decision of the trial court to dismiss plaintiff's action noting that

[t]he statute of limitations for a personal injury allegedly due to negligence is three years. . . . If an action is commenced within the statute of limitations, and a plaintiff voluntarily dismisses the action without prejudice, a new action on the same claim may be commenced within one year. However, a plaintiff must obtain proper service prior to dismissal in order to toll the statute of limitations for a year. In *Latham,* this Court held that if a voluntary dismissal is based on defective service, the voluntary dismissal does not toll the statute of limitations.

*Id.* at 395, 662 S.E.2d at 922. (internal citations omitted). As the plaintiffs in *Camara* had never properly served defendant, the statute of limitations was not tolled, and as of the re-filing of their complaint, the statute of limitations had expired. *Id.* at 395, 662 S.E.2d at 922.

"A showing on the face of the record of compliance with the statute providing for service of process raises a rebuttable presumption of valid service." *Granville Med. Ctr. v. Tipton,* 160 N.C. App. 484, 491, 586 S.E.2d 791, 796 (2003) (citation omitted) (discussing default judgments pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(j2)). Further, "a defendant who seeks to rebut the presumption of regular service generally must present evidence that service of process failed

to accomplish its goal of providing defendant with notice of the suit." *Id.* at 493, 586 S.E.2d at 797 (citation omitted). However, once the defendant has pled the statute of limitations, "the burden is on the plaintiff to show that his cause of action accrued within the limitations period." *Reece* at 607, 655 S.E.2d at 913 (citation and quotation marks omitted).

Here the automobile accident giving rise to this action occurred on 16 February 2002. Therefore, plaintiff had until 17 February 2005 to file her complaint. *See Camara* at 396, 662 S.E.2d at 922. Plaintiff's first complaint was filed before expiration of the statute of limitations, but defendant was not served with the original summons and the envelope was returned stamped, "ATTEMPTED NOT KNOWN[.]" On 7 April 2005, plaintiff had an alias and pluries summons issued to defendant at the same address as the original summons. *See* N.C. Gen. Stat. § 1A-1, Rule 4(d) ("When any defendant in a civil action is not served within the time allowed for service, the action may be continued[.]"). On 5 October 2005 at 1:51 p.m., plaintiff's attorney filed an affidavit which read in pertinent part, "The process was in fact received[.]" Attached to the affidavit was a return receipt signed by James Holt. This same date at 1:57 p.m., plaintiff filed a voluntary dismissal of the action without prejudice.

On 29 September 2006, plaintiff re-filed her complaint. On 4 January 2007, defendant filed a motion to dismiss plaintiff's action "for lack of jurisdiction over the Defendant, insufficiency of process and insufficiency of service of process pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the North Carolina Rules of Civil Procedure." Defendant's affidavit read in pertinent part,

> SOPHIA MINDY SULLIVAN, after first being duly sworn, deposes and says:
>
> . . . .
>
> 3. That James Holt signed the certified mail containing the Civil Summons and Complaint;
>
> 4. That she did not reside at the 10200 Jefferson Davis Highway, Lot 52, Richmond VA 23237 address on May 20, 2005;
>
> 5. That she did not receive a copy of the Civil Summons and Complaint that was signed by James Holt on May 20, 2005.

Defendant therefore rebutted plaintiff's presumption of valid service, and plaintiff thereafter failed to bring forth any evidence "to

show that [her] cause of action accrued within the limitations period." *Reece* at 607, 655 S.E.2d at 913 (citation and quotation marks omitted); *see Granville Med. Ctr.* at 491-93, 586 S.E.2d at 796-97. As defendant was never properly served with the first complaint, plaintiff's voluntary dismissal without prejudice did not toll the statute of limitations. *See Camara* at 397, 662 S.E.2d at 922. Plaintiff did not refile her action until 29 September 2006 and as the statute of limitations was not tolled, it had expired on 17 February 2005. *See Camara* at 397, 662 S.E.2d at 922. We therefore affirm the order of the trial court dismissing plaintiff's claims.

IV. Conclusion

For the foregoing reasons, we vacate the order of the trial court granting defendant's motion to dismiss plaintiff's appeal and affirm the order of the trial court dismissing plaintiff's claims.

VACATED in part; affirmed in part.

Chief Judge MARTIN and Judge CALABRIA concur.